Charles S. Sims - csims@proskauer.com
Gregg Mashberg - gmashberg@proskauer.com
PROSKAUER ROSE LLP
11 Times Square
New York, New York 10036
(212) 969-3950
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------

YEHUDA KATZ, individually and on
behalf of all others similarly situated,

       *Plaintiff,*

  against

THE DONNA KARAN COMPANY LLC; THE
DONNA KARAN COMPANY STORE LLC;
AND DONNA KARAN INTERNATIONAL
INC.,

       *Defendants.*

-------------------------------------------------------------

14 Civ. 740  (PAC)


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

## **Table of Contents**

Page

Table of Authorities ................................................................................................ ii

PRELIMINARY STATEMENT .............................................................................. 1

STATEMENT OF FACTS ...................................................................................... 4

ARGUMENT ............................................................................................................ 8

I.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM OF WILLFUL NON-COMPLIANCE ............ 8

    A.   Legal Standard on a Motion to Dismiss ........................................................ 8

    B.   Plaintiff Has Failed to Plausibly Allege a Willful Violation of FACTA ............ 9

    C.   Caselaw Strongly Supports Dismissal of Plaintiff's Inadequately Pleaded FACTA Claim. ........................................................................................ 14

II.   BECAUSE THE COMPLAINT ALLEGES NO HARM OR DAMAGE, IT FAILS TO STATE A CLAIM UNDER 15 U.S.C. § 1681n OR TO ESTABLISH STANDING UNDER ARTICLE III ........................................................................................ 19

    A.   15 U.S.C. § 1681n Affords Statutory Damages Only to Individuals Who Are Damaged ........................................................................................ 19

    B.   Article III Affords No Standing Without Actual or Certainly Impending Harm ............ 22

III.  THE COMPLAINT SHOULD BE DISMISSED WITHOUT LEAVE TO REPLEAD ........................................................................................ 24

CONCLUSION ........................................................................................ 25

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009).................................................................................1, 8, 9, 18

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)................................................................................................1, 8

*Clapper v. Amnesty Int'l USA,*
    133 S. Ct. 1138 (2013)...........................................................................................22

*Crabill v. Trans Union, L.L.C.,*
    259 F.3d 662 (7th Cir. 2001) ................................................................................20

*Crupar-Weinmann v. Paris Baguette Am., Inc.,*
    2014 U.S. Dist. LEXIS 91119 (S.D.N.Y. June 29, 2014) ............................ passim

*Cuoco v. Moritsugu,*
    222 F.3d 99 (2d Cir. 2000)................................................................................24, 25

*David v. Alphin,*
    704 F.3d 327 (4th Cir. 2013) ................................................................................23

*Doe v. Chao,*
    540 U.S. 614 (2004)...............................................................................................19

*Floyd v. Liechtung,*
    2013 U.S. Dist. LEXIS 41729 (S.D.N.Y. Mar. 25, 2013) .......................................9

*Gardner v. Appleton Baseball Club, Inc.,*
    2010 U.S. Dist. LEXIS 31653 (E.D. Wis. Mar. 31, 2010) ........................... passim

*Gladstone Realtors v. Village of Bellwood,*
    441 U.S. 91 (1979)..................................................................................................23

*Hammer v. Sam's East, Inc.,*
    2014 U.S. App. LEXIS 10452 (8th Cir. June 5, 2014)....................................22, 24

*Hammond v. Bank of New York Mellon Corp.,*
    2010 U.S. Dist. LEXIS 71996 (S.D.N.Y. June 25, 2010) .....................................21

*Henry v. Davis,*
    2011 WL 5006831 (S.D.N.Y Oct. 20, 2011).........................................................25

*Hintergerger v. Catholic Heath Sys.*,
   2012 U.S. Dist. LEXIS 37066 (W.D.N.Y. Jan. 16, 2012),
   *aff'd*, 536 F. App'x 14 (2d Cir. 2013)......................................................................23

*In re Barnes & Noble Pin Pad*,
   2013 U.S. Dist. LEXIS 125730 (N.D. Ill. Sept. 3, 2013) ........................................21

*In re Toys "R" Us – Del., Inc. – FACTA Litig.*,
   2010 U.S. Dist. LEXIS 133583 (C.D. Cal. Aug. 17, 2010)......................................13

*Johnson v. Sequans Commc'ns S.A.*,
   2013 U.S. Dist. LEXIS 8115 (S.D.N.Y. Jan. 17, 2013) ............................................4

*Katz v. Pershing*,
   672 F.3d 64 (1st Cir. 2012)......................................................................................21

*Kendall v. Employees Ret. Plan of Avon Prods.*,
   561 F.3d 112 (2d Cir. 2009)....................................................................................23

*Komorowski v. All-American Indoor Sports, Inc.*,
   2013 U.S. Dist. LEXIS 125747 (D. Kan. Sept. 4, 2013) ........................................17

*Long v. Tommy Hilfiger U.S.A., Inc.*,
   671 F.3d 371 (3d Cir. 2012)....................................................................................15

*Lovera v. City of New York*,
   2014 U.S. Dist. LEXIS 20965 (S.D.N.Y. Feb. 14, 2014).......................................11

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992)...........................................................................................22, 24

*Miller-Huggins v. SpaClinic, LLC*,
   2010 U.S. Dist. LEXIS 23418 (N.D. Ill. Mar. 11, 2010).......................................15

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*,
   2012 U.S. Dist. LEXIS 127824 (S.D.N.Y. Sept. 6, 2012).......................................4

*Nicaj v. Shoe Carnival, Inc.*,
   2014 U.S. Dist. LEXIS 5453 (N.D. Ill. Jan. 16, 2014) ..........................................17

*Northrop v. Hoffman of Simsbury, Inc.*,
   12 F. App'x 44 (2d Cir. 2001) ..........................................................................19, 20

*Perl v. Plains Commerce Bank*,
   2012 U.S. Dist. LEXIS 32656 (S.D.N.Y. Mar. 7, 2012) ........................................11

*Petway v. New York City Transit Auth.*,
   450 F. App'x 66 (2d Cir. 2011) ..............................................................................25

*Polanco v. Omnicell, Inc.*,
   2013 U.S. Dist. LEXIS 180322 (D.N.J. Dec. 26, 2013) ....................................................21

*Pullman v. Alpha Media Publ'g, Inc.*,
   2013 WL 1286144 (S.D.N.Y. Mar. 28, 2013) ........................................................24

*Raines v. Byrd*,
   521 U.S. 811 (1997)........................................................22

*Reach Music Publ'g, Inc. v. Warner/Chappell Music, Inc.*,
   2011 U.S. Dist. LEXIS 100969 (S.D.N.Y. Sept. 7, 2011) ....................................................4

*Reilly v. Ceridian Corp.*,
   664 F.3d 38 (3d Cir. 2011),
   *cert. denied*, 132 S. Ct. 2395 (2012) ........................................................21

*Safeco Ins. Co. of Am. v. Burr*,
   551 U.S. 47 (2007)........................................................9, 10

*Seo v. CC CJV Holdings, Inc.*,
   2011 U.S. Dist. LEXIS 120246 (C.D. Cal. Oct. 18, 2011) ....................................................12, 17

*Slaymon v. SLM Corp.*,
   506 Fed. App'x 61 (2d Cir. 2012) ........................................................24

*Smith v. City of New York*,
   2013 U.S. Dist. LEXIS 167314 (S.D.N.Y. Nov. 25, 2013) ....................................................4

*Steel Co. v. Citizens for a Better Env't*,
   523 U.S. 83 (1998)........................................................23, 24

*Summers v. Earth Island Inst.*,
   555 U.S. 488 (2009)........................................................22

*Trans World Airlines, Inc. v. Thurston* ("*TWA*"),
   469 U.S. 111 (1985)........................................................10, 12

*United States ex rel. Kreindler & Kreindler v. United Techs Corp.*,
   985 F.2d 1148 (2d Cir. 1993)........................................................22

*United States v. Weiss*,
   467 F.3d 1300 (11th Cir. 2006) ........................................................23

*Vidoni v. Acadia Corp.*,
   2012 U.S. Dist. LEXIS 59967 (D. Me. Apr. 27, 2012) ....................................................15, 16, 18

*Wagner v. Royal Bank of Scotland Group PLC*,
   2013 U.S. Dist. LEXIS 127551 (S.D.N.Y. Sept. 5, 2013)........................................................9

*Warth v. Seldin*,
    422 U.S. 490 (1975)..............................................................................................22

*Weitz v. Wagner*,
    2009 U.S. Dist. LEXIS 110220 (E.D.N.Y. Nov. 24, 2009)..................................20

**Statutes**

15 U.S.C. § 1681(a)(1)(B) ...........................................................................................20

15 U.S.C. § 1681c(g)(l)...........................................................................................4, 5

15 U.S.C. § 1681n(a) .........................................................................................1, 9, 22

15 U.S.C. § 1681n(a)(1) ...............................................................................................20

15 U.S.C. § 1681n(a)(1)(A) ...............................................................................19, 20, 21

15 U.S.C. § 1681n(a)(1)(B) ...................................................................................19, 20

15 U.S.C. 1681o......................................................................................................1

Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 .............................10

Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), 15 U.S.C. §
    1681n....................................................................................................... passim

Privacy Act of 1974, 5 U.S.C. § 552a (2006) .............................................................19

**Other Authorities**

Fed. R. Civ. P. 5.2(a)(4)...............................................................................................4

Restatement (Second) of Torts, § 500 cmt. g...........................................................10, 13

Rule 12(b)(6)........................................................................................................4, 8, 24

The Defendants (collectively, "DK") respectfully submit this memorandum of law in support of their motion to dismiss the Amended Complaint (hereafter the "Complaint").

## PRELIMINARY STATEMENT

This purported class action seeks damages for DK's allegedly willful violation of the Fair and Accurate Credit Transactions Act ("FACTA") of 2003, 15 U.S.C. § 1681n.  FACTA requires businesses who accept credit cards to redact the credit card expiration date and all but the last five card number digits on customers' receipts.  Congress's purpose was to prevent identity theft facilitated by information on discarded credit card receipts.  Complaint ¶ 3.

FACTA distinguishes between negligent (or even innocent) non-compliance, and "willful" violations.  Absent a willful failure to comply, merchants who violate FACTA are liable for only "actual damages" (15 U.S.C. 1681o), but a merchant who "willfully fails to comply" is liable for "actual damages sustained as a result of the failure *or damages* of not less than $100 and not more than $1,000."  15 U.S.C. § 1681n(a).

On the basis of the extensive authority cited below, the Complaint should be dismissed because it contains only conclusory allegations of "willful" noncompliance, and pleads no DK-specific facts to suggest a willful violation, as distinct from a merely negligent one.  *See Crupar-Weinmann v. Paris Baguette Am., Inc.*, 2014 U.S. Dist. LEXIS 91119 (S.D.N.Y. June 29, 2014); *see generally Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Plaintiff has not alleged—and seeks no recovery for—any actual damages.  He seeks exclusively class-wide **statutory** damages and attorneys' fees based on Defendants' alleged partial truncation of his credit card number on his receipt on the one and only time he is alleged to have shopped at the DKNY store at 420 West Broadway, in Manhattan.  Plaintiff does not dispute that DK redacted both the entire expiration date and the first six digits (from the 16-digit

1

string) that personally identify the cardholder, rather than the issuing bank, or that his name did not appear on the receipt handed to him.  He alleges neither that DK had any history of not complying with this decade-old statute, nor any other DK-specific facts supporting his pleading of willfulness.  Rather, despite his tacit admission that DK had substantially (albeit incompletely) complied with the statute, he offers only purely conclusory allegations as to what every merchant supposedly knew about FACTA in a strained attempt to plead the willful non-compliance necessary to qualify for statutory damages.

On the basis of purely conclusory allegations of willfulness, plaintiff is pursuing a draconian remedy Congress did not and could not have intended.  Without the slightest pleading of any facts concerning DK that could nudge his claim over the line from negligence to willfulness, plaintiff claims entitlement to classwide statutory damages for willful FACTA violations.  But DK's substantial albeit incomplete compliance is explicable only as a good faith attempt to protect the rights and interests of consumers, which in fact substantially eliminated consumer risk by redacting both the expiration date and six of the first twelve digits (including all the digits that are personally identifiable to cardholders – as discussed below, the erroneously disclosed first six digits identify card issuers, not individual card holders).

Plaintiff's sole pleading of willfulness consists of what credit card companies, industry groups, and the government had generally said about FACTA's requirements.  As Judge Rakoff and other district court judges have repeatedly held, where partial compliance is alleged, such allegations do not plausibly state a claim of willfulness.  *E.g.*, *Paris Baguette*, 2014 U.S. Dist LEXIS 91119, at *13-14.  Merely having knowledge of a law does not plausibly support a claim of a knowing or reckless violation of that law, particularly where there is substantial compliance showing good-faith efforts to comply.  *Id.*  If the allegations here are sufficient, then every

2

violation of FACTA by any merchant throughout the nation could be held willful and reach a jury, since all merchants who process credit card transactions allegedly received the same notices which are the sole basis for plaintiff's allegation of willfulness.  That is not the law, and would eviscerate Congress's two-tiered remedy scheme, which reserved statutory damages for cases showing something beyond negligence.

This is not a case where a merchant ignored the risks posed by printing expiration dates and card numbers on paper receipts, or refused to rectify a known violation.  (Plaintiff does not allege, for example, that DK has any history of non-compliance with this 2003-vintage statute). To the contrary, the Complaint does not dispute (and effectively concedes) that, of FACTA's two key requirements, DK complied with one of them fully (by redacting the expiration date from printed receipts), and met more than half of its obligation under the other (by redacting all the personally identifiable digits required to be redacted (and one more), digits 7-12).   The Complaint alleges no facts whatsoever that would plausibly explain why these substantial efforts might suggest something beyond negligence – why any company, having set out to protect consumer identities by making redactions and truncations on receipts, would choose to nonetheless violate the legal requirements for doing so.

The self-evident, plausible motive for redacting the expiration date on plaintiff's credit card receipt and partially truncating his credit card number (by eliminating the seventh through twelfth digits, which are the personally identifiable digits) are steps taken to protect against credit card fraud.  Plaintiff has alleged no facts concerning DK that plausibly support any other motive or explanation.  It is plausible to imagine the failure as resulting from negligence, but impossible to conceive why DK would knowingly finish only part of the job.

3

Without pleading any facts whatsoever that would permit a jury to find willful noncompliance despite undisputed partial compliance, plaintiff has clearly failed, under *Iqbal* and *Twombly*, to plead willfulness other than conclusorily, or even as a plausible explanation in the face of the far-more-compelling conclusions of negligence or inadvertence suggested by the *factual* allegations. Because plaintiff is not seeking (and indeed has no) actual damages, the Complaint should be dismissed pursuant to Rule 12(b)(6), without leave to replead.

In the alternative, the Complaint should be dismissed because the statute ties the availability of statutory damages to the existence of some damage, and where – as here – the Complaint makes no plausible assertion of damage (indeed, no assertion of damage at all), both the statutory language and Article III preclude any claim for monetary relief merely due to a technical statutory violation that causes no damage (or risk of harm) whatsoever.

## STATEMENT OF FACTS

The facts herein are taken from the well-pleaded allegations in the Complaint that are factual and not conclusory.[1]  *See Reach Music Publ'g, Inc. v. Warner/Chappell Music, Inc.*, 2011 U.S. Dist. LEXIS 100969, at *9 (S.D.N.Y. Sept. 7, 2011); *Smith v. City of New York*, 2013 U.S. Dist. LEXIS 167314, at *1-2, 7 (S.D.N.Y. Nov. 25, 2013).

The Complaint alleges a single cause of action, individually and on behalf of a putative class, under FACTA, 15 U.S.C. § 1681n, for a violation of the obligations imposed by 15 U.S.C.

---

[1]  A true copy of the Amended Complaint is attached as Exhibit A to the Declaration of Charles S. Sims submitted herewith.

A true image and record of the receipt at issue, redacted pursuant to Fed. R. Civ. P. 5.2(a)(4), are attached as Exhibit B to the Sims Declaration.  Perhaps because the receipt graphically shows such substantial FACTA compliance, plaintiff chose not to attach a copy to his Complaint.  But this Court has previously called such concealment of key documents relied on and integral to a complaint "disturbing," and such documents are cognizable on this motion to dismiss.  *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.,* 2012 U.S. Dist. LEXIS 127824, at *22 n.7 (S.D.N.Y. Sept. 6, 2012); *see also, e.g., Johnson v. Sequans Commc'ns S.A.,* 2013 U.S. Dist. LEXIS 8115 (S.D.N.Y. Jan. 17, 2013) (considering on a motion to dismiss "documents possessed by or known to the plaintiff[s] and upon which [they] relied in bringing the suit") (quotations and citation omitted).

§ 1681c(g)(l).  That provision prohibits merchants that accept credit or debit cards from printing more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.  ¶¶ 2, 55.[2]

Plaintiff alleges that he visited DK's store located at 420 West Broadway in Manhattan, once, on February 2, 2014.  ¶ 29.  His attorney completed the complaint for this putative class action the next day (Complaint last page), and filed it the day after that.  *See* Dkt. No. 1.  He does not allege that the expiration date was printed on his receipt, ¶ 30, thereby effectively conceding that it was correctly redacted.  He also does not allege that the credit card receipt printed his entire sixteen-digit credit card number (*id*.); to the contrary the allegation is only that the "customer copy of a computer-generated cash register receipt [] published the first six digits of Plaintiff's credit card number."  ¶ 30.  (Plaintiff adds that the copy "also published" the last four digits, but that is of course expressly permitted by FACTA, and "published" is surely the wrong verb, given that the receipt was handed to the plaintiff and there is no allegation that it was available beyond that, or somehow ended up exposed to the public.)

Thus, the Complaint effectively admits that the receipt fully complied with FACTA in respect of the expiration date, and by 50% in respect of the digit redaction requirement, by redacting digits 7 through 12.  ¶ 30.  Notably, the first six digits of a credit card number identify the card issuer (usually a bank).[3]  Only the remaining numbers are unique to the cardholder.  The

---

[2]  All references in the form (¶ ___ ) are to the allegations of the Amended Complaint.

[3]  *See generally* http://en.wikipedia.org/wiki/ISO/IEC_7812;
http://en.wikipedia.org/wiki/Bank_card_number;
https://www.mint.com/blog/wp-content/uploads/2011/01/CrackingCreditCode3.jpg;
http://www.ansi.org/other_services/registration_programs/iin_registration.aspx?menuid=10#1.

particular six digits that DK should have but did not redact (1-6) were those that identify the issuing bank but not the cardholder.[4]

Katz does not allege that DK has ever previously been the subject of a FACTA lawsuit, or any identity theft or other harm. And his receipt makes plain that there <u>was</u> no harm, since it lacks even his name (going far beyond FACTA in that respect), thereby further confirming the absence of harm to plaintiff and the lack of any risk of identity theft. Even if the receipt had been discarded and picked up by a stranger, it lacked Katz's name, the digits that might have identified plaintiff required to be redacted, and the card's expiration date.

Notwithstanding the absence of factual allegations that the incomplete redaction that characterized his receipt happened to any other person, or at any other terminal (or store), he filed the Complaint on behalf of a class defined as "all persons in the United States who used either a debit or credit card at any of Defendants' locations and was provided an electronically printed receipt at the point of sale or transaction by any Defendant showing more than the last five digits of that person's credit or debit card number for a time period beginning February 4, 2009 . . . ." ¶ 16.

The "willfulness" allegations of plaintiff's Complaint (¶¶ 38, 44-57, and 61-62) are of three types, which mirror those in nearly all the cases that have been dismissed for failure to plead willfulness sufficiently, as cited below in Point I.C.

First, some of the allegations attempting to plead willfulness are simply conclusory assertions that Defendants' actions were willful or reckless, or that they had information regarding the truncation requirements. *See*, *e.g.,* ¶ 56 ("Defendants knew of their obligations");

---

[4] The six-digit strings identifying issuing banks are not confidential, but publicly distributed on industry standard fraud prevention websites that help merchants validate credit card transactions. *See* https://www.bindb.com/bin-list.html (publicly identifying the six digit string here as used by "Chase (formerly Bank One)."

¶ 52 ("Defendants, on information and belief, received and understood" the communications allegedly sent out to all merchants by card issuers and trade associations); ¶ 38 ("Defendants acted in reckless disregard"); ¶ 61 ("Defendants received information on multiple occasions regarding the truncation requirements and its importance for prevention of identity theft"); ¶ 62 ("Notwithstanding all of the publicity and the Defendants' knowledge of the statute's require-ments, they willfully failed to comply with FACTA thereby putting all of their customers' financial identities at risk . . . .")  None of these allegations mentions or accounts for the fact that Defendants acted to protect Mr. Katz against identify theft by redacting from his receipt the expiration date (as required), the six digits identifiable to the cardholder which are required to be redacted (the seventh through twelfth digits), and even his name.[5]

Second, in paragraphs 44-53, plaintiff alleges that credit card companies sent notices to merchants who processed credit cards, such as Defendants, informing them of FACTA's requirements, and that Governmental agencies have expended considerable resources to inform business . . . about the importance of FACTA." *See, e.g.,* ¶¶ 44, 45, 47.

Third, plaintiff alleges on information and belief that Defendants are "members of various trade groups that informed their members about the truncation requirements" (¶ 54), and that "Governmental agencies have expended considerable resources to inform businesses, such as Defendants, about . . . . FACTA."  (¶ 55).

---

[5]  We assume that there is a typo in Paragraph 57, and that plaintiff meant to say "continued"  instead of "continue" in alleging that "Despite actual knowledge of FACTA's requirements, contractual requirements from credit card issuers . . . and notifications from credit card issuers and the federal government, Defendants continue to willfully disregard FACTA's requirements and continue to use cash registers or other machines or devices that print receipts in violation [of] the truncations requirement after 2006."  Certainly plaintiff has pleaded no factual basis whatsoever for asserting that the failure to redact digits 7-12 is ongoing (and it is not).  His failure to provide a single additional receipt since February 2 would make any allegation of continued violation (which we do not perceive) highly implausible.

Plaintiff alleges no facts that, if proven, would tend to show that Defendants' partial compliance is not fully explicable by negligence.  He does not dispute (and thereby concedes) that Defendants complied fully with the expiration date requirement and complied partially with the truncation requirement.  Indeed, the FACTA requirements were exceeded in two respects, by truncating the fifth from the last digit, which FACTA does not require, and by the lack of Mr. Katz's name on the receipt.

## ARGUMENT

### I.   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM OF WILLFUL NON-COMPLIANCE

As discussed below, plaintiff falls short of showing, consistent with *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S 662, 663 (2009), that Defendants' actions were willful or reckless.  At best, plaintiff's factual allegations would permit a finding of negligence, which cannot support plaintiff's sole claim for statutory damages.

### A.   Legal Standard on a Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, plaintiff's complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S at 678.  By contrast, a pleading that only "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).

"The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully . . . . Where a Complaint pleads facts that are *merely consistent* with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to

relief." *Iqbal,* 556 U.S. at 678 (internal quotations and citation omitted) (emphasis added).

Thus, when the alleged facts allow an "obvious alternative explanation," *id.* at 682 (citation

omitted), for the defendant's conduct, then the Complaint supports no more than the "mere

possibility" of an actionable claim, *id.* at 679, and must be dismissed.  Such determinations are

to be based on a court's "judicial experience and common sense."  *Id.*  As this Court has

repeatedly noticed in decisions resolving motions to dismiss,

> To state a facially plausible claim, a plaintiff must plead "factual content
> that allows the court to draw the reasonable inference that the defendant is
> liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 677
> (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic
> recitation of the elements of a cause of action will not do.'  Nor does a
> complaint suffice if it tenders 'naked assertion[s] devoid of 'further factual
> enhancement.'" *Id.*  (quoting *Twombly*, 550 U.S. at 557.)

*Wagner v. Royal Bank of Scotland Group* PLC, 2013 U.S. Dist. LEXIS 127551, at *5 (S.D.N.Y.

Sept. 5, 2013); *see also Floyd v. Liechtung*, 2013 U.S. Dist. LEXIS 41729 (S.D.N.Y. Mar. 25,

2013) (Crotty, J.).

As discussed below, the Complaint contains no factual allegations of willful or reckless

conduct that would plausibly suggest that negligence is an inadequate or erroneous explanation

for the partial compliance conceded here.  As such, plaintiff's allegations fail to pass muster

under *Iqbal* and *Twombly*, and plaintiff's sole count for a willful violation of FACTA should be

dismissed.

### B.    Plaintiff Has Failed to Plausibly Allege a Willful Violation of FACTA

In order to maintain his sole cause of action for statutory damages for an alleged FACTA

violation, plaintiff must plead, and eventually prove, that Defendants' violation of FACTA was

willful. 15 U.S.C. § 1681n(a).  Willful conduct under § 1681n(a) can be shown by reckless

disregard or a knowing violation.  *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007).

Recklessness is "action entailing an unjustifiably high risk of harm" that is "substantially greater than that which is necessary to make [defendant's] conduct negligent." *Safeco*, 551 U.S. at 68-69 (internal quotations and citations omitted).   In *Safeco*, which concerned a statute codified with FACTA, the Supreme Court relied primarily on the Restatement's discussion of recklessness, which, in turn, is largely devoted to distinguishing reckless conduct from negligence. *See id*.

The Restatement explains that recklessness:

> differs from that form of negligence which consists in mere inadvertence, incompetence, unskillfulness, or a failure to take precautions . . . in that reckless misconduct requires *a conscious choice of a course of action*, either with *knowledge of the serious danger to others* involved in it or with knowledge of facts which would disclose this danger to any reasonable man.

Restatement (Second) of Torts, § 500 cmt. g (emphasis added).   Recklessness is an objective standard, and differs from negligence in requiring that a defendant make a "conscious choice" to engage in dangerous conduct.  *Id*.  Thus, even where a plaintiff seeks to state a claim that a defendant satisfied a willfulness standard by acting recklessly, the plaintiff still will have to allege facts, and not bare conclusions, that show "deliberation" on the part of the defendant.

The *Safeco* Court also relied on the Supreme Court's earlier decision in *Trans World Airlines, Inc. v. Thurston* ("*TWA*") for the principle that it is insufficient for a plaintiff to allege a defendant "knew of the potential applicability of the [statute]."  469 U.S. 111, 127-28 (1985) (decided in the context of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 ("ADEA")).  Instead, defendant must "know that its conduct violated the Act" in order for it to be deemed a willful violation. *Id.* at 129.  The *TWA* Court's reasoning applies with full force to FACTA.  *See Paris Baguette*, 2014 U.S. Dist. LEXIS 91119, at *10-11.  Thus, in order to sufficiently plead willful infringement, plaintiff must plead "facts to support a plausible

10

inference that defendant *knew* that its conduct was *violating* the statute, and not simply that defendant knew about the existence of the statutory provision at issue." *Id.* at *11 (emphasis added). This plaintiff has utterly failed to do.

Under *Iqbal* and *Twombly*, plaintiff's allegations do not state a claim for a knowing or reckless FACTA violation. No facts suggesting a "conscious choice" are alleged. But a complaint must "allege some facts – not mere conclusions – plausibly suggesting that the decision" was made for the reason deemed impermissible by the legislature." *Lovera v. City of New York*, 2014 U.S. Dist. LEXIS 20965, at *8 (S.D.N.Y. Feb. 14, 2014). *Lovera* presents a compelling analogy, as the court there dismissed because the allegations of intentional racial discrimination were merely conclusory: "While Plaintiffs are not required to prove the discrimination at this stage, they are required to allege some facts – not mere conclusions – plausibly suggesting that the decision to pass [them] over for the promotion … was made because of [their] race." *Id.* (internal quotations and citation omitted). Just as Lovera's claim fell for his failure to plead facts plausibly showing something other than the absence of racial discrimination, so too plaintiff's claim here fails to plead facts showing that something more culpable than negligence is the cause of the incomplete redaction on plaintiff's receipt.

Plaintiff attempts to allege willfulness in three ways: 1) with conclusory allegations; 2) with allegations that credit card companies sent notices to merchants that process credit cards; and 3) that with allegations, on information and belief, that defendant must have received notices about FACTA from various trade groups and governmental agencies. All three types of allegations fail.

<u>First,</u> Plaintiff's bare, conclusory allegations that DK's actions were willful, knowing or reckless (¶¶ 38, 56, 57, 61-62) are precisely the type of conclusory allegations that *Iqbal* and

*Twombly* held insufficient as a matter of law.  *See, e.g.*, *Paris Baguette*, 2014 U.S. Dist. LEXIS 91119, at *11 (disregarding entirely plaintiff's conclusory allegations of willfulness); *Perl v. Plains Commerce Bank*, 2012 U.S. Dist. LEXIS 32656, at *6-7 (S.D.N.Y. Mar. 7, 2012) (dismissing claim for willful violation of FCRA based on conclusory allegations of reckless and willful behavior).  As such, they cannot support a claim for a willful FACTA violation.

Second, plaintiff's conclusory allegations that banks and card processors informed merchants "including Defendants" of FACTA (¶¶ 44-51, 53-55) are similarly insufficient to plead *facts* suggesting that the shortfall in DK's compliance represented a knowing or reckless disregard of the law.  *See Paris Baguette*, 2014 U.S. Dist. LEXIS 91119, at *12-13 (finding "allegations that plausibly suggest that defendant knew about FACTA's requirements, do not support a plausible inference that defendant knew that it was *violating* FACTA"); *Seo v. CC CJV Holdings, Inc.*, 2011 U.S. Dist. LEXIS 120246, at *5 (C.D. Cal. Oct. 18, 2011) ("The fact that information about FACTA was available to" defendant did not state a claim for willful violation).

Plaintiff's allegations cannot suffice for pleading a knowing violation in view of the Supreme Court's holding in *TWA*, which expressly *rejected* the argument that the term "willful" encompasses violations when the defendant "simply kn[ows] of the potential applicability of [a statute]."  469 U.S. at 127-28.  The statutory provision there at issue was similar to the remedial provision of the FCRA: both provide for statutory (or "liquidated") damages only upon a showing of willfulness, which could be satisfied by showing either knowing or reckless behavior.  Rejecting plaintiffs' claim for liquidated damages, the *TWA* Court reasoned that, if the standard for willful violations was merely that a defendant knew the statute was "in the picture," then plaintiffs would be able to show willfulness in "almost every case."  *Id*.  The Court held that

12

such a result would run counter to Congress's intent in creating "a two-tiered liability scheme" that, much like FACTA, was meant to distinguish between different types of statutory violations based on the defendant's scienter. *Id*. at 128 ("The 'in the picture' standard proposed by the respondents would allow the recovery of liquidated damages even if the employer acted reasonably and in complete 'good faith.' Congress hardly intended such a result.").

Third, plaintiff's allegations that credit card companies, the government, and industry groups sent notices of FACTA's requirements (¶¶ 34-44) generally to merchants who processed credit cards, including DK, fail to suffice as factual pleading that DK's alleged violation of FACTA was knowing or reckless. *Paris Baguette*, 2014 U.S. Dist. LEXIS 91119, at *12-13. Again, mere knowledge of a statute's requirements does not, without more, show a willful or reckless violation. *E.g.*, *Gardner v. Appleton Baseball Club, Inc.,* 2010 U.S. Dist. LEXIS 31653, at *13-14 (E.D. Wis. Mar. 31, 2010).

If plaintiff is correct that his allegations are sufficient to plead willful violation, then *every* violation of FACTA would be willful since plaintiff alleges that every merchant that processes credit card transactions received these same notices. That would eviscerate Congress's careful distinction of inadvertent or negligent violations from "willful" violations, and turn the FACTA provisions into a strict liability requirement. Willfulness under FACTA requires more — a *conscious choice* of a course of action despite the knowledge of the risk of harm. *See* Restatement (Second) of Torts, § 500 cmt. g. In this case, despite the inclusion of several credit card digits proscribed by the statute, there was no risk of harm, because all the digits identifying the plaintiff required to be redacted were redacted. *See, e.g.*, *In re Toys "R" Us – Del., Inc. – FACTA Litig.*, 2010 U.S. Dist. LEXIS 133583, at *46-53 (C.D. Cal. Aug. 17, 2010) ("The first six digits that were incorrectly printed on the receipt … provided only information about the

13

issuing bank, not information unique to an individual consumer. … Because Congress did not prohibit the printing of issuer information on the credit card receipt, there is no possibility that the printing of the first six digits could have resulted in a risk of harm greater than that prohibited by Congress."). Thus, under the facts alleged, plaintiff has not plausibly pleaded willfulness.

### C.   Caselaw Strongly Supports Dismissal of Plaintiff's Inadequately Pleaded FACTA Claim.

While plaintiff may be able to find cases here and there to the contrary, the great weight of recent authority, and the best-reasoned cases have dismissed claims based on the kinds of generalized allegations pleaded here.

Indeed, most recently, Judge Rakoff of this district dismissed a nearly identical complaint for failure to adequately plead a willful violation of FACTA. As here, the plaintiff in that case alleged facts that supported an inference that defendant knew about FACTA because of defendant's status as a card-accepting merchant. This did not suffice. *Paris Baguette*, 2014 U.S. Dist. LEXIS 91119, at *12. The plaintiff also alleged that the defendant partially complied with the FACTA redaction requirements. This also did not suffice. *Id.* at * 13-14. "At best," the court reasoned, "the allegation … supports an inference that defendant *negligently* violated FACTA, which does not suffice to state a claim in a case such as this, in which plaintiff does not allege actual damages." *Id.* Plaintiff's Complaint compels the same result here.

Similarly, *Gardner v. Appleton Baseball Club, Inc.,* on facts highly similar to those here, held,

> The fact that most other businesses may have complied with FACTA raises no specific inference about willfulness on the part of [Defendant]. In essence, Plaintiff is suggesting that because most businesses know the law and follow it, the Defendant's failure to do so must have been willful. But this is an allegation that could be leveled (and apparently is) in every FACTA case. Any time a company violates the law, a plaintiff could point out that most companies do not violate the law, and on this shaky hook a plaintiff could hang a claim of willfulness. These kinds of arguments are

14

> not particularized facts about the defendant's intent, but inferences of gener-
> al applicability drawn from the Plaintiff's observations about life.   The
> 'fact' that other businesses comply with the law is an assertion that could be
> leveled at any FACTA defendant, and thus in substance the complaint
> merely alleges that the Defendant violated the statute, and the violation
> itself is deemed sufficient evidence of willfulness.   Under *Iqbal* and
> *Twombly*, there has to be something more.

2010 U.S. Dist. LEXIS 31653, at *13-14 (E.D. Wis. Mar. 31, 2010) (dismissing claim of willful

FACTA violation); *see also Miller-Huggins v. SpaClinic, LLC*, 2010 U.S. Dist. LEXIS 23418, at

*4 (N.D. Ill. Mar. 11, 2010) (dismissing claim of willful FACTA violation based on allegation

that FACTA's requirements were "widely publicized among retailers").

The Third Circuit affirmed a motion to dismiss in *Long v. Tommy Hilfiger U.S.A., Inc.*,

671 F.3d 371 (3d Cir. 2012), on a claim arising from a receipt printed without card number digits

but with a portion of the date.  Given that it was reasonable (even if wrong) to believe that partial

redaction of the date was compliant, the violation was not, on the face of the pleading, more than

negligent as a matter of law.

In *Vidoni v. Acadia Corp.*, 2012 U.S. Dist. LEXIS 59967 (D. Me. Apr. 27, 2012),

defendant restaurant truncated plaintiff's credit card number but not the card's expiration date.

*Id.* at *2-3.  Plaintiff's allegations of willfulness were just like those here, averring that the

defendant was generally apprised of FACTA's expiration date requirement through trade

associations, agreements with credit card issuers, its bank or other entity that performed credit

and debit card payment clearing services, and/or its point-of-sale providers, but nonetheless

permitted the printing of thousands of unlawful receipts.  *Id.* at *4-5.  The district court held that

such allegations did not state a claim for a willful violation of FACTA, and dismissed: "Merely

being aware of a statute  ...  is insufficient to state a claim for willfulness" under FACTA.  "In

cases where the Defendant is aware of a statute's requirements, the Plaintiff must also allege that

15

there was something more than a negligent violation, i.e. a voluntary, deliberate, or intentional violation." *Id*. at \*11 (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132-33 (1988)).

*Vidoni* further held that the plaintiff's allegations that the defendant restaurant took steps that complied with some provisions of FACTA, such as truncating the plaintiff's credit card numbers on his receipt, fatally undermined the plaintiff's claims that the failure to comply with other requirements showed knowing or reckless behavior. *Id*., 2012 U.S. Dist. LEXIS 59967, at \*11-12. Allegations of partial compliance "support[ed] the inference that the Defendant was neither disregarding FACTA nor indifferent to its requirements." *Id*. at \*12. Under the standards of *Iqbal* and *Twombly*, the "Defendant's conduct may have been negligent, but, on the facts alleged in the Complaint, it was not willful." *Id*.

Here, plaintiff's effective concession that DK complied fully with the required redaction of the expiration date and redacted the second group of six digits (which unlike the first group identify the cardholder) fully undermines the conclusory pleading of willfulness. The concession also makes plain that the risk and harm foreseeable from complete disregard of FACTA's redaction requirements is nothing like the situation here, where DK redacted both the full expiration date and all six digits personally identifiable to the cardholder (one more than required).

In enacting the 2008 amendments to FACTA, Congress specifically acknowledged that "[e]xperts in the field agree that proper truncation of the card number, by itself as required by [FACTA], regardless of the inclusion of the expiration date, prevents a potential fraudster from perpetrating identity theft or credit card theft," and more generally made plain that FACTA's dual-requirement afforded redundant protection. *Id*. at \*15-16 (citing Credit and Debit Card Receipt Clarification Act of 2007, Pub. L. No. 110-241, §2(a)(6), 122 Stat. 1565, 1565 (2008)).

By masking the expiration date as required, and also redacting the second group of six digits (even if not the first six), DK, like the defendant in *Vidoni,* substantially reduced the risk of harm from credit card fraud, eliminating most (if not all) of the harm that might have been caused by receipts that had both the dates and all the digits, particularly the personally identifiable digits. *See id.*; *see also Gardner*, 2010 U.S. Dist. LEXIS 31653, at *17 ("given the fact that no additional protection of the consumer is achieved by deleting the expiration date, it can hardly be said that its action 'entail[ed] an unjustifiably high risk of harm that is either known or so obvious that it should be known'") (citation omitted).  The absence of any risk of harm in this case further separates this case from those where the Restatement would find – or other courts have found sufficient pleading of – recklessness. *See supra* at 13-14.

Additional dismissals of claims for statutory damages under FACTA, on pleadings indistinguishable from those here, include *Nicaj v. Shoe Carnival, Inc.,* 2014 U.S. Dist. LEXIS 5453, at *8 (N.D. Ill. Jan. 16, 2014) (dismissing complaint where under no set of facts alleged could plaintiff "establish that any violation of the statute was willful"); *Seo*, 2011 U.S. Dist. LEXIS 120246, at *4-5 (dismissing, since the fact that information about FACTA was available to defendant did not support assertion that defendant knowingly ignored FACTA's provisions); and *Komorowski v. All-American Indoor Sports, Inc.*, 2013 U.S. Dist. LEXIS 125747, at *9-11 (D. Kan. Sept. 4, 2013) (dismissing, holding that acceptance of plaintiffs' argument based on what merchants generally were told and knew would turn every violation into a willful violation).

While FACTA litigation has become something of a cottage industry for class action counsel, and plaintiff will undoubtedly point to the recent decision in the case that he and his counsel brought in the Eastern District in which the motion to dismiss a FACTA claim was

denied, that decision is bereft of any of the analysis presented in this motion or in the numerous cases that came to the opposite result, discussed above.

*      *      *

In sum, plaintiff "makes no claim that he alerted the Defendant[s] to [their] FACTA violation prior to filing suit, much less that the Defendant[s] continued in a course of non-compliance following any such communication.   The Plaintiff's interaction with the Defendant[s] . . . consists of a single transaction that the Plaintiff did not report to the Defendant[s]." *Vidoni*, 2012 U.S. Dist. LEXIS 59967, at *13.   Plaintiff has pointed to no plausible reason (other than negligence) for why DK would comply fully with the expiration date requirement, including the entire second group of six digits (including even the twelfth, which did not require truncation under FACTA).  *See Gardner*, 2010 U.S. Dist. LEXIS 31653, at *17 ("After all, what did [defendant] stand to gain by printing a few extra digits on a receipt for a hot dog and subjecting itself to potential liability of $100 to $1,000 for each transaction? Although willfulness includes recklessness, there is no suggestion of a motive in the complaint at all").

The Complaint's allegations show an "obvious alternative explanation" to willful behavior, namely, negligence or oversight.  *Iqbal*, 556 U.S. at 682 (citation omitted).   "It is just as reasonable to infer that a company could print an expiration date on a credit card receipt negligently rather than willfully.  Indeed, it is far more likely that the violation was merely negligent, if even that." *Gardner*, 2010 U.S. Dist. LEXIS 31653, at *16-17.  Since plaintiff has failed to show any more than the "mere possibility" that Defendants acted willfully, the Complaint should be dismissed.

## II.   BECAUSE THE COMPLAINT ALLEGES NO HARM OR DAMAGE, IT FAILS TO STATE A CLAIM UNDER 15 U.S.C. § 1681n OR TO ESTABLISH STANDING UNDER ARTICLE III

Plaintiff alleges no injury – no damage whatsoever – and his Complaint makes plain that he has suffered none, nor even any risk of any.  The Complaint should be dismissed for this failure alone, whether viewed from the perspective of the statutory language or Article III.  By its terms, FACTA provides a cause of action only to those who have suffered some "damage."  And it cannot be read any other way, because the requirement of some damage – some actual or certainly impending harm – flows directly from the minimum constitutionally mandated standing requirements.

### A.   15 U.S.C. § 1681n Affords Statutory Damages Only to Individuals Who Are Damaged

Under the express statutory language of § 1681n(a)(1)(A) applicable to the improper printing of credit card receipts, the two kinds of payments available are payable only if there is "damage."  For willful failure to comply, there is liability "to that consumer in an amount equal to the sum of – (1)(A) any <u>actual damages</u> sustained by the consumer as a result of the failure <u>or damages</u> of not less than $100 and not more than $1,000. . . . "  Congress's choice to delimit the remedy by requiring "damage" cannot be ignored and must be accorded effect.

The Supreme Court came to the same conclusion as regards similar statutory language in *Doe v. Chao*, 540 U.S. 614 (2004).  In *Chao*, the Court held that a plaintiff could not avail herself of minimum statutory damages provided in the Privacy Act of 1974, 5 U.S.C. § 552a (2006), absent an allegation of actual harm, as that is the way the statute reads.  The Privacy Act, much like § 1681n(a)(1)(A) on which plaintiff's claim rests, provides a right of action to recover "actual damages sustained by the individual as a result of the [violation of the statute], but in no case shall a person entitled to recovery receive less than the sum of $1,000."  As the Court

observed, "straightforward textual analysis" confirms that "actual damage[]" is a prerequisite to any award of statutory damages. *Chao,* 540 U.S. at 619-620.

The Second Circuit presaged *Chao* in interpreting similar statutory provisions to require actual harm. *Northrop v. Hoffman of Simsbury, Inc.*, 12 F. App'x 44, 50 (2d Cir. 2001) (affirming elimination of a jury award under § 1681n(a)(1)(B) where there was no evidence of actual damages). The Court of Appeals addressed the nearly identical language in § 1681n(a)(1)(A)'s immediately adjacent neighbor, § 1681n(a)(1)(B), which provided a remedy for obtaining credit reports under false pretenses. Section 1681n(a)(1)(B) affords persons whose consumer reports are obtained under false pretenses or knowingly without a proper purpose "actual damages sustained by the consumer as a result of the failure *or $1,000*, whichever is greater." Utilizing the approach to construction later employed in *Chao,* the Second Circuit read the provision for statutory damages as limited to persons who suffered some damage, and as unavailable where the statutory violation was just technical and caused no damage. *See Northrop, supra,* 12 F. App'x at 50; *see also Weitz v. Wagner*, 2009 U.S. Dist. LEXIS 110220, at *16-18 (E.D.N.Y. Nov. 24, 2009) ("The Second Circuit interprets this statutory language as requiring proof of actual damages, in addition to willful non-compliance"); *accord Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 664 (7th Cir. 2001) ("Without a causal relation between the violation of the statute and the loss of credit, or some other harm, a plaintiff cannot obtain an award of "actual damages"). In other words, *some* alleged damage *in addition to* willful non-compliance is required.

*Northrop* is controlling here. There is no meaningful difference between the statutory construction of subsections (A) and (B) in § 1681n(a)(1), and, if anything, the statutory structure of § 1681n(a)(1)(A) presents a stronger argument for requiring allegation of "damage" than

§ 1681n(a)(1)(B) does, since the former (but not § 1681(a)(1)(B) at issue in *Northrop*) used the word "damages" in both branches of the remedial language. Congress constructed subsection § 1681n(a)(1)(A) in much the same way as subsection § 1681n(a)(1)(B) (the provision at issue in *Northrop*) and the Privacy Act construed in *Chao*.

Thus, § 1681n(a)(1)(A) requires adequate pleading of both willful violation *and* some damage. Katz not only failed to plead a willful violation, as discussed *supra*, but his Complaint contains zero allegations of damage to him (as distinct from what he does show, namely a technical statutory violation that did not entail printing of the personally identifiable digits that the statute bars printing).[6] Like the statutory language considered in *Chao*, *Northrop*, and *Weitz*, § 1681n(a)(1)(A) allows for recovery of "any actual damages sustained by the consumer as a result of [willful noncompliance] *or damages* of not less than $100 and not more than $1,000." The statute effectively identifies the class of persons able to recover under the statute – those with "actual damages sustained … as a result of the failure." 15 U.S.C. § 1681n(a)(1)(A). By its use of the word "or," the statute permits a plaintiff who pleads some harm to elect to recover minimum compensation, but in no way abrogates the requirement that plaintiffs sufficiently plead (and show) some harm. Like its companion construed in *Northop*, § 1681n(a)(1)(A) allows compensation in either the "actual" amount or a statutorily set range, but only for "damage." The statute does not say that merchant is liable to that consumer for either "(A) any

---

[6] Plaintiff's apparent allegation of an increased risk of identity theft, ¶ 62, is conclusory and entirely implausible given that the receipt, which went directly to him in any event, lacked his name, the expiration date, and the personally identifiable digits required to be redacted which might have facilitated identification of him (rather than of the issuing bank – e.g., Citibank or American Express). *See supra* at 5-6.

In any event, an increased risk of identity theft is not the injury-in-fact or "certainly impending harm" required for Article III standing. *See, e.g., Katz v. Pershing*, 672 F.3d 64, 79-80 (1st Cir. 2012); *Reilly v. Ceridian Corp.*, 664 F.3d 38, 41-43 (3d Cir. 2011), *cert. denied*, 132 S. Ct. 2395 (2012); *Hammond v. Bank of New York Mellon Corp.*, 2010 U.S. Dist. LEXIS 71996, at *23-31 (S.D.N.Y. June 25, 2010) (Berman, J.); *In re Barnes & Noble Pin Pad*, 2013 U.S. Dist. LEXIS 125730 (N.D. Ill. Sept. 3, 2013); *Polanco v. Omnicell, Inc.*, 2013 U.S. Dist. LEXIS 180322 (D.N.J. Dec. 26, 2013).

actual damages sustained by the consumer as a result of the failure or ~~damages~~ [a payment] of not less than $100 and not more than $1,000 . . . ."  Damage is the *sine qua non*.

This is the "straightforward" reading undertaken by the Supreme Court in *Chao* and by the Second Circuit in *Northrop*.  § 1681n(a)(1)(A) should be read the same way.  Because Congress provided for no suit by uninjured plaintiffs, the Complaint should be dismissed for failure to state a claim.[7]

### B.  Article III Affords No Standing Without Actual or Certainly Impending Harm

Even if *Chao* and *Northrop* were disregarded and the text of § 1681n(a) could be construed to not require *some* damage as a precondition to an award of statutory damages, which it cannot, such a reading would fall short of the "irreducible constitutional minimum" of Article III standing.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  In addition to causation and redressability, federal jurisdiction requires some injury in fact – "'some threatened or actual injury resulting from the putatively illegal action…'"  *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 (1973)).  "'[N]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.'"  *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1146 (2013) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006)).

Rooted in separation-of-powers principles, *id.*, "the requirement of injury in fact is a hard floor of Article III jurisdiction that cannot be removed by statute."  *Summers v. Earth Island Inst.*, 555 U.S. 488, 497 (2009).  "Congress cannot erase Article III's standing requirements by

---

[7] The Eighth Circuit recently said otherwise (in dicta) over a strong dissent, *Hammer v. Sam's East, Inc.*, 2014 U.S. App. LEXIS 10452 (8th Cir. June 5, 2014), but the panel's decision is neither controlling nor persuasive, and did not even address, much less refute, the authority relied on here, especially *Doe v. Chao and Northrop*, *supra*.

statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Raines v. Byrd*, 521 U.S. 811, 820 n.3 (1997) (citing *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 100 (1979)); *see also United States ex rel. Kreindler & Kreindler v. United Techs Corp.*, 985 F.2d 1148, 1154 (2d Cir. 1993) ("Nevertheless, some injury-in-fact must be shown to satisfy constitutional requirements, for Congress cannot waive the constitutional minimum of injury-in-fact."); *United States v. Weiss,* 467 F.3d 1300, 1310-1311 (11th Cir. 2006) ("While it is true that Congress may enact statutes creating legal rights ... [a] federal court's jurisdiction ... can be invoked only when the plaintiff himself has suffered some threatened or actual injury resulting from the putatively illegal action[.]" (internal quotations and citations   omitted); *Gladstone*, 441 U.S. at 100 ("In no event, however, may Congress abrogate the Art. III minima ….."); *David v. Alphin*, 704 F.3d 327, 338-39 (4th Cir. 2013) (affirming dismissal of statutory claim absent alleged damage).  A plaintiff lacks standing merely to seek "vindication of the rule of law." *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 106 (1998).

The Second Circuit has applied these principles to other statutes providing a private right of action, finding a plaintiff "must establish both statutory standing and constitutional standing, meaning [the plaintiff] must identify a statutory endorsement of the action and assert a constitutionally sufficient injury arising from the breach of a statutorily imposed duty." *Kendall v. Employees Ret. Plan of Avon Prods.*, 561 F.3d 112, 118 (2d Cir. 2009); *see also Hintergerger v. Catholic Heath Sys.*, 2012 U.S. Dist. LEXIS 37066, at *9 (W.D.N.Y. Jan. 16, 2012), *aff'd*, 536 F. App'x 14 (2d Cir. 2013) ("Article III standing requirements must be satisfied even where, as here, Congress grants certain individuals a right to sue.")  In *Kendall*, the court dismissed a complaint in which the plaintiff merely alleged that she was deprived of the right to a retirement plan that complied with ERISA.  *Kendall*, 561 F.3d at 121.  Similarly, here, plaintiff merely

alleges that he was deprived of the right to a receipt that complied with FACTA. Because he alleges no actual harm resulting from the alleged violation, the Complaint should be dismissed.

Plaintiff alleges no injury whatsoever, and he cannot manufacture constitutional standing with nothing more than incomplete compliance with FACTA where all the personally identifying digits statutorily required to be kept private were redacted. Without injury, there is nothing to redress, making this precisely the kind of case that the Article III standing requirements are designed to preclude. *Slaymon v. SLM Corp.*, 506 Fed. App'x 61, 65 (2d Cir. 2012); *see also Steel Co.*, 523 U.S. at 107 ("Relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court"); *Lujan*, 504 U.S. at 576-77 (no standing under a statute that conferred an individual right of action "that permits all citizens (or for that matter, a subclass of citizens who suffer no distinctive concrete harms) to sue").[8]

## III.   THE COMPLAINT SHOULD BE DISMISSED WITHOUT LEAVE TO REPLEAD

While repleading is freely allowed where appropriate after Rule 12(b)(6) dismissals, it is routinely disallowed where the plaintiff has already taken one shot at remedying the shortfall, or where pleading defects obviously cannot be avoided in further proceedings. *See e.g. Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to replead where repleading would be futile); *Pullman v. Alpha Media Publ'g, Inc.*, 2013 WL 1286144, at *5 (S.D.N.Y. Mar. 28, 2013) (Crotty, J.) (same).

The defects in the Complaint are inherent and irremediable, since they arise from the undisputed fact that DK did protect Katz's customer identity in ways that complied with more than 75% of FACTA's requirements, and no reason other than negligence plausibly explains the

---

[8] While the 2-1 Eighth Circuit decision in *Hammer* recently found standing notwithstanding the lack of personal harm, the dissent had by far the better of that argument, based on the cases cited here which it discussed (but which the majority opinion largely ignored). 2014 U.S. App. LEXIS 10452, at *28-55.

obvious effort to comply and protect consumers, on the one hand, and the failure to do so completely, on the other. Moreover, after Defendants filed their initial pre-motion letter in accord with Judge Crotty's individual practices, plaintiff asked for and was accorded an opportunity to file an Amended Complaint, which eliminated some of the more preposterous alleged bases for finding willfulness but added no new fact pleading whatsoever.

Under these circumstances, repleading would be futile, and the dismissal should therefore be without leave to replead. *See, e.g.*, *Petway v. New York City Transit Auth.*, 450 F. App'x 66, 67 (2d Cir. 2011) (affirming district court's dismissal of a complaint without leave to replead because the complaint gave no indication that the plaintiff could have stated a colorable claim had he been granted leave to amend); *Cuoco*, 222 F.3d at 112 (finding that leave to replead would be futile where complaint, even when read liberally, did not suggest that the plaintiff has a claim that he has inadequately or inartfully pleaded and that he should therefore be given a chance to reframe"); *Henry v. Davis*, 2011 WL 5006831 at *3 (S.D.N.Y. Oct. 20, 2011) (same) (Crotty, J.).

## CONCLUSION

For all the foregoing reasons, the Court should dismiss plaintiff's Complaint without leave to replead.

New York, New York
July 28, 2014

Respectfully submitted,

PROSKAUER ROSE LLP
By:  /s/ Charles S. Sims
Charles S. Sims
Gregg M. Mashberg
David A. Munkittrick
*Attorneys for Defendants*

25