Charles S. Sims - csims@proskauer.com
Gregg Mashberg - gmashberg@proskauer.com
PROSKAUER ROSE LLP
11 Times Square
New York, New York 10036
(212) 969-3950
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| YEHUDA KATZ, individually and on behalf of all others similarly situated, | 14 Civ. 740 (PAC) |
| *Plaintiff,* | |
| against | |
| THE DONNA KARAN COMPANY LLC; THE DONNA KARAN COMPANY STORE LLC; AND DONNA KARAN INTERNATIONAL INC., | |
| *Defendants.* | |

---

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
<u>MOTION TO DISMISS</u>**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    I.     MERE KNOWLEDGE OF FACTA DOES NOT CREATE A WILLFUL VIOLATION............................................................................................................... 2

    II.    PLAINTIFF FAILED TO ALLEGE NON-CONCLUSORY FACTS THAT COULD PLAUSIBLY SUGGEST A WILLFUL VIOLATION OF FACTA ....... 6

    III.   PLAINTIFF, LACKING ANY ACTUAL INJURY, DOES NOT HAVE STANDING ................................................................................................................ 8

CONCLUSION............................................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................................................6

*Crupar-Weinmann v. Paris Baguette Am., Inc.*, ................................................................... passim
    2014 U.S. Dist. LEXIS 91119 (S.D.N.Y. June 29, 2014)

*Crupar-Weinmann v. Paris Baguette Am., Inc.*,
    2014 U.S. Dist. LEXIS 122887 (S.D.N.Y Sept. 2, 2014).......................................................2, 7

*Doe v. Chao*,
    540 U.S. 614 (2004)..................................................................................................................9

*Gardner v. Appleton Baseball Club, Inc.*,
    2010 U.S. Dist. LEXIS 31653 (E.D. Wis. Mar. 31, 2010) ...............................................5, 7, 8

*Komorowski v. All-American Indoor Sports, Inc.*,
    2013 U.S. Dist. LEXIS 125747 (D. Kan. Sept. 4, 2013) .......................................................3, 5

*Miller-Huggins v. SpaClinic, LLC*,
    2010 U.S. Dist. LEXIS 23418 (N.D. Ill. Mar. 11, 2010)...........................................................5

*Northrop v. Hoffman of Simsbury, Inc.*,
    12 F. App'x 44 (2d Cir. 2001) ..................................................................................................9

*Safeco Ins. Co. of Am. v. Burr*,
    551 U.S. 47 (2007)........................................................................................................1, 2, 3, 4

*Seo v. CC CJV Am. Holdings, Inc.*,
    2011 U.S. Dist. LEXIS 120246 (C.D. Cal. Oct. 18, 2011)....................................................3, 5

*United States v. Bormes*,
    133 S. Ct. 12 (2012)..................................................................................................................9

*Vidoni v. Acadia Corp.*,
    2012 U.S. Dist. LEXIS 59967 (D. Me. Apr. 27, 2012) .........................................................3, 5

*Weitz v. Wagner*,
    2009 U.S. Dist. LEXIS 110220 (E.D.N.Y. Nov. 24, 2009).......................................................9

**Statutes**

15 U.S.C. 1681n *et seq.* ............................................................................................................2, 8

15 U.S.C. 1681o .........................................................................................................................2, 8

**Other Authorities**

Rule 12(b)(6) ...................................................................................................................................5

**PRELIMINARY STATEMENT**

Plaintiff seeks to turn a single, partially redacted receipt into a class action bonanza. To perform this feat, he needs to transform FACTA into a strict liability statute that provides uninjured consumers with statutory damages even where the departure from FACTA's requirements is only negligent. But that is not the law Congress enacted.

Plaintiff filed suit the day after receiving a partially redacted receipt from the defendants ("DK"), seeking statutory damages for a purported class of unharmed consumers, even though plaintiff himself alleges no injury; does not claim that DK harmed him in any way, economic or otherwise; and alleges no facts that, if proven, would enable a jury to conclude that the lack of full compliance was other than negligent.

Plaintiff's theory is that general knowledge of a statute's existence and notice to industry members collectively is necessarily enough to allege a "willful" (including a reckless) statutory violation. He argues that every insufficient compliance with FACTA by a major retailer, at least after the statute has been in effect and comes to the attention of retailers generally, subjects retailers to potentially millions of dollars in statutory damages to unharmed consumers. According to plaintiff, he can reach a jury with nothing more than a partially redacted receipt and general notice within the community of retailers. That is not what FACTA provides.

Plaintiff cannot turn FACTA into something it is not. As interpreted by the Supreme Court and numerous courts, most recently by Judge Rakoff, FACTA does not create liability for statutory damages based solely on general knowledge of its requirements. Eligibility for statutory damages requires more than negligence, and, independently, some actual harm.

The statute is clear: statutory damages are only available to injured plaintiffs where the violation is "willful," which has been interpreted to include running "a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Safeco*

*Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (2007).  Plaintiff has adequately alleged neither harm nor willfulness under the controlling standard.  At most, plaintiff's allegations that DK complied with most but not all of FACTA's redaction requirements in a way that caused him no risk of harm might give rise to an inference that DK acted negligently, rendering him eligible for actual damages.  But, as he admits, he has suffered no harm, and asserts no allegations of DK-specific facts suggesting that any state of mind more culpable than negligence was at play.  The Amended Complaint therefore fails to state a claim upon which relief can be granted.

## ARGUMENT

**I.     MERE KNOWLEDGE OF FACTA DOES NOT CREATE A WILLFUL VIOLATION**

Plaintiff's contention that he adequately alleged a willful violation of FACTA fundamentally misreads the statute.  Congress clearly distinguished between negligent FACTA violations, for which only actual damages are available, and willful violations, for which an aggrieved plaintiff can choose actual damages or statutory damages.  15 U.S.C. §§ 1681n(a), 1681o.  The statutory text in no way limits the definition of "negligent," but plaintiff would have it apply *only* to unreasonable interpretations of the statutory prescriptions.  Pl. Br., Dkt. 34, at 6-7.  In essence, plaintiff reads FACTA as a strict liability statute with a narrow exception for negligent mistakes of law.  Congress did not create such a statutory scheme, and the Supreme Court did not interpret it as such in *Safeco*.

Judge Rakoff's interpretation of FACTA's requirements in *Crupar-Weinmann v. Paris Baguette Am., Inc.,* including his recent decision rejecting plaintiff's motion for reconsideration, demonstrates the fallacy in plaintiff's argument, and fully accounts for both the statutory language and the Supreme Court's decision in *Safeco*.  2014 U.S. Dist. LEXIS 91119 (S.D.N.Y. June 29, 2014); *see also Paris Baguette Am., Inc.*, 2014 U.S. Dist. LEXIS 122887 (S.D.N.Y

2

Sept. 2, 2014) (denying reconsideration). As Judge Rakoff explained, under FACTA and *Safeco*, a plaintiff "must plead sufficient facts to support a plausible inference that defendant knew that its conduct was violating the statute, and not simply that defendant knew about the existence of the statutory provision at issue" or that the defendants "negligently violated FACTA." 2014 U.S. Dist. LEXIS 91119, at *11, *14. Other courts are in accord. *See, e.g.*, *Komorowski v. All-American Indoor Sports, Inc.*, 2013 U.S. Dist. LEXIS 125747, at *7-11 (D. Kan. Sept. 4, 2013) ("Merely alleging that a defendant should be aware of a statute and fails to comply with it, as Plaintiffs have done here, is insufficient to state a claim for willfulness."); *Vidoni v. Acadia Corp.*, 2012 U.S. Dist. LEXIS 59967 (D. Me. Apr. 27, 2012) (same); *Seo v. CC CJV Am. Holdings, Inc.*, 2011 U.S. Dist. LEXIS 120246, at *5 (C.D. Cal. Oct. 18, 2011) (same).

Under *Safeco*, a plaintiff can plead a willful violation of FACTA with non-conclusory allegations of recklessness. 551 U.S. at 52. As detailed in DK's opening brief, *Safeco* held that "recklessness" in this context followed the common law definition as "an unjustifiably high *risk of harm*." *Id.* at 68-69 (emphasis added). To be reckless, the risk of harm must be "'substantially greater than that which is necessary to make [] conduct negligent.'" *Id.* at 69 (quoting Restatement (Second) of Torts § 500). It requires a person to "'know[] or hav[e] reason to know of facts'" that create an "'unreasonable risk'" that resulting harm was "'highly probable.'" *Id.* (citation omitted).

The Amended Complaint lacks any allegations suggesting that DK actually knew of facts that created a high risk of harm, or that would make DK's conduct more than negligent. By relying on what retailers like DK generally were told, plaintiff seeks to rewrite FACTA into a strict liability statute where the only possible defense to an allegation of willful violation is a

negligent misreading of the law. But statutes regulating retailer conduct can be negligently violated, even where retailers are alleged to be generally on notice of what the statutes require.

Plaintiff purports to find support for his position in *Safeco*, but he misreads *Safeco* when he argues that the only form of negligence that would escape from a finding of willful violation would be a negligent misinterpretation of the statute.

To be sure, in *Safeco*, the defendant's violation of the statute stemmed from an erroneous (although not objectively unreasonable) reading of the applicable statute. The Court held that because the defendant's interpretation was not objectively unreasonable, its actions could not have been reckless – the defendant did not know or have reason to know of facts that created an unreasonable risk of harm. *Safeco*, 551 U.S. at 69-71. But nowhere did the Court hold that the facts of that case presented the only possible form of negligence contemplated by FACTA, which is what plaintiff now argues. Pl. Br. at 7 ("absent any reading of the statute which would justify its conduct, [DK] has no hope of invoking" negligence as a defense).

That DK has not claimed that its negligence arises from a misreading of the statute does not free plaintiff of sufficiently alleging willfulness as defined in *Safeco*. If plaintiff's interpretation of FACTA and *Safeco* were accurate, no court could ever accept a defense of negligence in the absence of a reasonable but mistaken legal interpretation. *Paris Baguette* dismissed a FACTA complaint nearly identical to the one here, not because the defendant claimed it had mistakenly interpreted FACTA, but because "at best" the complaint "supports an inference that defendant *negligently* violated FACTA." 2014 U.S. Dist. LEXIS 91119, at *14. The same conclusion applies here as well. Indeed, the court in *Paris Baguette* found that the complaint alleged the defendant knew the requirements of FACTA, which under plaintiff's theory would preclude any defense of negligence whatsoever. *Id.*

Plaintiff takes no account of the numerous cases, discussed in DK's opening brief at 14-17, that have dismissed FACTA allegations rising only to the level of negligence, even in the absence of any claimed legal misinterpretation. *See, e.g.*, *Komorowski*, 2013 U.S. Dist. LEXIS 125747, at *9-11; *Vidoni*, 2012 U.S. Dist. LEXIS 59967; *Seo*, 2011 U.S. Dist. LEXIS 120246, at *5; *Gardner v. Appleton Baseball Club, Inc.*, 2010 U.S. Dist. LEXIS 31653, at *13-14 (E.D. Wis. Mar. 31, 2010); *Miller-Huggins v. SpaClinic, LLC*, 2010 U.S. Dist. LEXIS 23418, at *4 (N.D. Ill. Mar. 11, 2010). These decisions did not turn on any determination of the defendant's subjective state of mind in interpreting the statute, but took care to give full effect to Congress's distinction between negligent violations (warranting only actual damages) and willful violations (warranting statutory damages) – a distinction plaintiff would ignore at the pleading stage.

Cases like *Paris Baguette* correctly apply *Safeco*'s objective standard of willfulness to determine the sufficiency of plaintiff's allegations, and require no factual determinations. They simply apply the standard, post-*Twombley/Iqbal* Rule 12(b)(6) approach of accepting the plaintiff's non-conclusory allegations as true. *See, e.g.*, *Paris Baguette*, 2014 U.S. Dist. 91119, at *4. Contrary to plaintiff's suggestion, Pl. Br. at 11-12, this Court is not at this juncture tasked with deciding whether DK acted negligently or willfully. But a pleading seeking only statutory damages requires some fact-pleading suggesting that the lack of compliance might be better explained by willfulness than by negligence. Where, as in *Paris Baguette* and here, plaintiff alleges no defendant-specific facts that present a plausible inference of willfulness, the claim for statutory damages should be dismissed.

As DK pointed out in its opening brief, if the allegations here are sufficient, then – at least once a few years have passed since statutory enactment – every violation of FACTA by any merchant throughout the nation could be held willful and reach a jury. Dkt. 32 at 2-3, 13-17.

5

Plaintiff does not refute this natural but illogical consequence of his position, but embraces it, arguing that FACTA should be interpreted as a strict liability statute, analogizing FACTA to speed limits, perhaps the most quintessential of strict liability laws.  *See* Pl. Br. at 8.

Congress knows how to write a strict liability statute, and did not write one in FACTA.  Instead, it carefully created a statutory scheme that distinguished between negligent and willful violations by affording notably different remedies.  Because plaintiff claims only statutory damages, but alleges no facts suggesting anything other than negligence, his Amended Complaint should be dismissed.

## II. PLAINTIFF FAILED TO ALLEGE NON-CONCLUSORY FACTS THAT COULD PLAUSIBLY SUGGEST A WILLFUL VIOLATION OF FACTA

Plaintiff has failed to do any more than allege mere knowledge of FACTA.  Consequently, he does not allege a willful violation.  *Paris Baguette*, 2014 U.S. Dist. LEXIS 91119, at *12-14.  Under *Iqbal*, the first task in assessing the adequacy of plaintiff's allegations is to weed out any non-specific, conclusory allegations.  This is because merely offering "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citation omitted).

Tellingly, plaintiff's argument (at 4) that he has "alleged a consciously knowing violation of the statute" that satisfies *Iqbal* is not cited to any paragraph(s) in the Amended Complaint.  Instead of specifying any non-conclusory allegations of a willful violation, plaintiff instead argues against the very distinction Congress made, contending that allegations that suffice to plead negligence (and actual damages) are necessarily adequate to plead willfulness/recklessness (and statutory damages).  The express distinctions Congress intentionally made cannot be so blithely disregarded.  Since plaintiff's argument is only that, having pleaded negligence, he should be able to reach a jury on willfulness/recklessness, the pleading should be dismissed.

The same allegations were made and rejected in *Paris Baguette*. For example, paragraphs 6, 38-40, 57, and 62 of plaintiff's Complaint are nearly identical to the conclusory allegations disregarded in *Paris Baguette*:

> Defendant's conduct was willful, knowing or reckless, and Defendant failed and continues to fail, to protect Plaintiff, and all others similarly situated, against identity theft and credit card and debit card fraud by issuing electronically printed receipts …
>
> Defendant knew of the truncation requirement and prohibition of the printing of expiration dates or was reckless by not knowing about the requirement and the prohibition, in light of the information readily available to it.
>
> Defendant's use of software, devices and machines that print receipts in violation of FACTA was willful, knowing or reckless.

2014 U.S. Dist. LEXIS 91119, at *6-8, *11-12. As in *Paris Baguette*, such allegations in plaintiff's Complaint (*e.g.*, ¶¶ 6, 38-40, 57, 62) are properly disregarded as conclusory. *Id.*; *see also Paris Baguette*, 2014 U.S. Dist. LEIS 122887, at *4-5. Plaintiff merely "parrots" the statutory language without providing specific facts. *Gardner,* 2010 U.S. Dist. LEXIS 31653, at *13.

The remaining paragraphs of his Complaint that plaintiff relies on, Pl. Br. at 10, are either inconsequential to the determinative question of adequately pled willfulness (*e.g.*, ¶¶ 27, 31-37) or do nothing more than plead general knowledge of FACTA (*e.g.*, ¶¶ 36, 41-56, 61). Paragraphs 43 through 56, for example, are devoted to general allegations that would apply to every substantial retailer – that the requirements of FACTA were published by credit card companies, trade associations, and government agencies. These same types of allegations are routinely dismissed as having no bearing on the question of willful violation. *E.g.*, *Paris Baguette*, 2014 U.S. Dist. LEXIS 91119, at *6-8, *12-14 (allegations that FACTA requirements were widely publicized by credit card companies and others "only … plausibly suggest that defendant knew about FACTA's requirements, [but] do not support a plausible inference that

7

defendant knew that it was *violating* FACTA"); *Gardner*, 2010 U.S. Dist. LEXIS 31653, at *14-15 (allegations that the FTC issued guidance on FACTA compliance is only "a fact about the general state of affairs in the country rather than a fact particular to the Defendant").

Nor do plaintiff's allegations of VISA credit card acceptance guidelines suffice.  Pl. Br. at 3, 10.  These again are merely allegations of general knowledge of FACTA that apply to every retailer. Allegations of industry-wide notice are not, without more, adequate allegations of willful violation.

### III. PLAINTIFF, LACKING ANY ACTUAL INJURY, DOES NOT HAVE STANDING

Only plaintiff's misstatement and misunderstanding of DK's argument against statutory standing requires a response.

DK's argument, which relies exclusively on the statutory language, was fully explained in DK's opening brief (at 19-22).  The provision plaintiff relies on, 15 U.S.C. §1681n, on its face gives a remedy (and thus standing) only where *some damage* has occurred.  Plaintiff says (at 16) that "Nothing about this reading makes sense," but that is clearly wrong.  15 U.S.C. 1681n says, plainly, that if a consumer suffers some damage from a willful violation – even if only $20 worth – she would have standing to seek either actual damages or statutory damages of between $100 and $1000; and the subsequent provision, 15 U.S.C. 1681o, provides that if she suffers damages from a negligent violation, then she's entitled to "actual damages."

It would have been possible to frame the statute as plaintiff wants to – by affording victims of a willful violation a payment of between $100 and $1000, regardless of whether plaintiff has suffered damages.  But making any remedy for a willful violation turn on the existence of "damages," as the statute does, deprives Katz of standing where, as here, he has confessed that he has not suffered any harm. Def. Br. at 19-22.  The two causes of action framed by FACTA – one where a violation is negligent, one where it is willful – differ as regards

negligence and willfulness, but both require *some* damage, some differentiation between the persons allowed to pursue a claim and shoppers generally. A factual allegation of negligent failure to comply is a ticket for only actual *damage;* a factual allegation of willful failure renders the plaintiff able to claim damages in a range between $100 and $1000.

This conclusion rests not only on the plain statutory language, but also on the Supreme Court's recent description of the very provisions at issue here as authorizing "*aggrieved consumers* to hold any person who willfully or negligently fails to comply with the Act's requirements liable for specified damages." *United States v. Bormes*, 133 S. Ct. 12, 19 (2012) (emphasis added and quotations omitted). "Aggrieved consumers" are those who have suffered some damage; Katz is not an "aggrieved consumer" since all of the digits required to be redacted that could have identified him were in fact redacted. With a statute framed to afford only "damages," Katz, who concededly has no damage and whose own identity was not at risk, is ineligible and lacks standing.

Plaintiff's attempted distinction of *Northrop v. Hoffman of Simsbury, Inc.*, 12 F. App'x 44 (2d Cir. 2001), *Doe v. Chao*, 540 U.S. 614 (2004), and *Weitz v. Wagner*, 2009 U.S. Dist. LEXIS 110220 (E.D.N.Y. Nov. 24, 2009), Pl. Br. at 16-18, which defendants relied on and which blazed the analytical path taken by DK here, is wholly insubstantial, as is the contention that those cases cannot be fairly cited.

Plaintiff's attempt to avoid *Northrop* (cited in DK's opening brief at 19-20), by complaining of DK's citation of that case, inexplicably relies on a Second Circuit local rule that governs only filing in the Court of Appeals and on its face does not apply to Southern District filings. Nor was its unpublished nature concealed; citation of a decision to the "Fed. App'x" necessarily gives clear notice that the decision is unpublished. *Northrop* is properly relied on.

## CONCLUSION

For all the foregoing reasons, and the reasons stated in DK's Opening Brief, the Court should dismiss plaintiff's Amended Complaint without leave to replead.

New York, New York
September 17, 2014

                                        Respectfully submitted,

                                        PROSKAUER ROSE LLP
                                        By:  /s/ Charles S. Sims
                                        Charles S. Sims
                                        Gregg M. Mashberg
                                        David A. Munkittrick
                                        *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2014, I caused to be served by ECF, a copy of Defendants' Reply in Support of Their Motion to Dismiss plaintiff's Amended Complaint on:

Counsel of Record for Plaintiff

Daniel V. Gsovski
125 Broad Street
New York, NY 10004
212-471-8512
dsovski@herzfeld-rubin.com

Shimshon Wexler
The Law Offices of Shimshon Wexler, PC
216 West 104th St., #129
New York, NY 10025
212-760-2400
shimshonwexler@yahoo.com

/s/ David A. Munkittrick
David A. Munkittrick