```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
YEHUDA KATZ,                                                :
Individually and on behalf of a class,                      :
                                                            :
                          Plaintiff,                        :
                                                            :
           -against-                                        :   14 Civ. 740 (PAC)
                                                            :
DONNA KARAN INTERNATIONAL, INC.;                            :
THE DONNA KARAN COMPANY, LLC.;                              :   OPINION & ORDER
THE DONNA KARAN COMPANY STORE,                              :
LLC.                                                        :
                                                            :
                          Defendants.                       :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
1-30-15

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Yehuda Katz ("Plaintiff") brings this class action against Defendants Donna Karan International, Inc., The Donna Karan Company, LLC, and The Donna Karan Store, LLC (collectively, "Defendants"), alleging willful violations of the Fair and Accurate Credit Transaction Act ("FACTA").

The claim was created on February 2, 2014 when Plaintiff purchased an item in Defendants' store using his Visa Credit Card. Am. Compl. ¶ 29. Defendants issued a receipt listing the first six digits and final four digits of his credit card number in violation of FACTA's truncation requirement, which mandates that the expiration date be eliminated and that only the final four digits be printed. *Id.* at ¶ 30; *see* 15 U.S.C. § 1681c(g). Plaintiff claims Defendants' violation was willful since they were aware of FACTA's applicability and the receipt did not fully comply. Two days later, on February 4, 2014, Plaintiff initiated this class action on behalf

1

of similarly situated customers seeking statutory damages of $100 to $1,000 per willful violation, pre- and post-judgment interest, and (you guessed it) attorneys' fees and costs.[1] *See* 15 U.S.C. § 1681n.

Defendants now move to dismiss Plaintiff's complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Defendants' motion is GRANTED.

## DISCUSSION

### I. Legal Standard

Dismissal is appropriate under Fed. R. Crim. P. 12(b)(6) when a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When considering motions to dismiss, courts "assume the[] veracity" of all well-pleaded factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although detailed factual statements are not required, a complaint that merely contains "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt.*, 712 F.3d 705, 717 (2d Cir. 2013) (internal quotation marks omitted). Moreover, such conclusory statements "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

### II. Analysis

In order to survive a motion to dismiss, Plaintiff's complaint must allege sufficient facts to support a plausible inference that Defendants willfully, knowingly, or recklessly violated

---

[1] The class action complaint speculates that Defendants' cash registers generated illegal receipts under FACTA amounting to hundreds of thousands per year in New York City alone. Hundreds of thousands of violations, at $1,000 per violation, results in $100,000,000, together with attorneys' fees and costs—a substantial damage penalty based on a single, $45.73 transaction.

FACTA's truncation requirement. *See Safeco Insurance Co. of America v. Burr*, 551 U.S. 47, 57 (2007) (interpreting "willfulness" under FACTA as encompassing "not only knowing violations of a standard, but reckless ones as well"). Mere negligent violations do not entitle Plaintiff to the statutory damages he seeks under 15 U.S.C. § 1681n.[2]

Plaintiff's complaint alleges facts that permit the Court to plausibly infer two things: (1) that Defendants' violated FACTA, Am. Compl. ¶¶ 27-35 (describing the unlawful listing of Plaintiff's credit card information on his receipt and alleging similar unlawful listings on a class-wide basis); and (2) that Defendants were likely aware of FACTA's requirements, *id.* at ¶¶ 41-55 (describing the FACTA notifications issued to Defendant by credit card companies, governmental agencies, and trade groups).

The complaint asserts that Defendants willfully violated FACTA's truncation requirement. *Id.* at ¶ 38 ("[The violation] was thus 'willful' within the meaning of FACTA, as established by the United States Supreme Court") (citation omitted); *id.* at ¶57 ("Defendants continue to willfully disregard FACTA's requirements and continue to use cash registers or other machines or devices that print receipts in violation [of] the truncation requirements after 2006"); *id.* at ¶ 62 ("Notwithstanding all of the publicity and the Defendants' knowledge of the statute's requirements, they willfully failed to comply with FACTA thereby putting all of their customers' financial identities at risk and requiring the imposition of minimum statutory damages for each receipt issued in violation of the FACTA truncation requirement."). The Court draws no inferences from these conclusory assertions. *Iqbal*, 556 U.S. at 678.

Plaintiff's complaint is devoid of any well-pleaded facts which allow the plausible

---

[2] The statute distinguishes between willful violations and negligent violations. Recovery for negligent violations is limited to actual damages pursuant to 15 U.S.C. § 1681o. Plaintiff has not alleged any actual damages. Indeed, based on the facts alleged in the complaint, it is not possible that Plaintiff was harmed.

inference that Defendants willfully, knowingly, or recklessly violated FACTA. Certainly, there are sufficient factual allegations to infer Defendants knew of FACTA's applicability, but there are no factual allegations supporting a plausible inference that Defendants knew their conduct violated the truncation requirement or that Defendants consciously chose to violate FACTA. *See Crupar-Weinmann v. Paris Baguette Am., Inc.*, 2014 WL 2990110, at *4 (S.D.N.Y. Jun. 29, 2014) ("[A]llegations that plausibly suggest that defendant knew about FACTA's requirements[] do not support a plausible inference that defendant knew that it was *violating* FACTA"). Moreover, Plaintiff's claim is rendered further implausible by the complaint's failure to reconcile Defendants' partial compliance—redacting credit card expiration dates and all digits unique to the cardholder—with its alleged willful non-compliance. *See id.* ("Rather, the fact that defendant changed its credit card receipt to partially comply with FACTA's requirements renders implausible the claim that defendant was attempting to willfully evade FACTA's restrictions.").

At most, Plaintiff's well-pleaded facts permit the Court to infer that Defendant negligently violated FACTA. And contrary to Plaintiff's argument, a pleading which demonstrates negligence does not "raise[] a triable issue as to recklessness." Pl.'s Mem. Opp'n 11. Plaintiff's attempt at alleging recklessness—a higher standard, triggering statutory damages—cannot be achieved by merely alleging negligence—a lower standard, triggering actual damages. Such a conflation not only erodes the difference between negligence and recklessness, but it also renders the pleading standards imposed by Rule 12(b)(6) meaningless; in practice, it would essentially permit all plaintiffs alleging willful FACTA violations to bypass Rule 12(b)(6) and proceed to discovery/summary judgment.

## **CONCLUSION**

For the foregoing reasons, the Defendants' motion to dismiss is GRANTED. Plaintiff's claims are dismissed with prejudice and the Clerk of the Court is directed to enter judgment and close the case.

Dated: New York, New York
       January 29, 2015

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge