

125 BROAD STREET, NEW YORK, NY 10004   TEL 212 471-8500   FAX 212 344-3333   WWW.HERZFELD-RUBIN.COM

December 16, 2016

**Daniel V. Gsovski**
Direct Line: (212) 471-8512
dgsovski@herzfeld-rubin.com

**BY ECF**
Hon. Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street, Chambers 1350
New York, NY 10007

      Re:    Katz v. DKNY, et al. – 14 cv 0740-PAC

Dear Judge Crotty:

    This letter responds to Defendants' tender of *Meyers v. Nicolet Restaurant of De Pere, LLC*, No. 16-2075 (7th Cir, Dec. 13, 2016)  (Dkt. No. 70-1) as supplemental authority.  Plaintiff submits that their reliance on *Meyers* is misplaced in multiple respects.

    First, the publication of prohibited credit card account digits at issue in this case is not the FACTA violation in *Meyers*, which concerned the card expiration date.  This distinction is critical because, as *Meyers* notes: "Congress has specifically declared that failure to truncate a card's expiration date, without more, does not heighten the risk of identity theft. In the Credit and Debit Card Receipt Clarification Act of 2007, Congress made a finding of fact that '[e]xperts in the field agree that proper truncation of the card number, by itself as required by the [FACTA], regardless of the inclusion of the expiration date, prevents a potential fraudster from perpetrating identity theft or credit card fraud.' Pub. L. 110-241, § 2(a)(6)." *Meyers,* at 7.  By contrast, here Defendant did not "proper[ly] truncate[e] the card number," thus implicating the very identity theft risk Congress identified and addressed.

    Second, and more fundamentally, *Meyers* directly conflicts with the Supreme Court's decision in *Spokeo* as well as Second Circuit jurisprudence (and Your Honor's own finding post-*Spokeo*) on the key standing issue in this case.  *Meyers* reads *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), to hold that "whether the right is characterized as 'substantive' or 'procedural,' its violation must be accompanied by an injury-in-fact. A violation of a statute that causes no harm does not trigger a federal case." *Meyers* at 6  n. 7.   *Spokeo* rejects this view, finding that even the context of a mere procedural violation, the violation alone can confer standing without the

HERZFELD & RUBIN, P.C.
1225 FRANKLIN AVE, SUITE 315
GARDEN CITY, NY 11530
TELEPHONE: 212-471-3231

CHASE KURSHAN HERZFELD & RUBIN, LLC
354 EISENHOWER PARKWAY, SUITE 1100
LIVINGSTON, NJ 07039-1022
TELEPHONE: 973-535-8840

HERZFELD & RUBIN, LLP
1925 CENTURY PARK EAST
LOS ANGELES, CA 90067
TELEPHONE: 310-553-0451

RUBIN MEYER DORU & TRANDAFIR
SOCIETATE CIVILA DE AVOCATI
7. STRADA PUTUL CU PLOPI
BUCHAREST 1, ROMANIA
TELEPHONE: (40) (21) 311-1460



Hon. Paul A. Crotty
December 16, 2016
Page 2

need to prove additional harm. 136 S.Ct., at 1549 ("the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact. In other words, a plaintiff in such a case need not allege any *additional* harm beyond the one Congress has identified.") (italics in original).  In *Strubel v. Comenity Bank,* No. 15-528-cv , __ F.3d __, (2d Cir., Nov. 23, 2016) (Dkt. No. 58-1), the Second Circuit adopted this holding *verbatim*, noting and preserving the Supreme Court's emphasis.  *Strubel* at 14.  Accord, *In re Barclays Bank PLC Sec. Litig.*, 2016 U.S. Dist. LEXIS 75663, at *21-22, 2016 WL 3235290 at *6 (S.D.N.Y. June 9, 2016)("A plaintiff seeking to vindicate a statutorily created private right need not allege actual harm beyond the invasion of that private right.").

Indeed, the Seventh Circuit's requirement of additional harm beyond the statutory violation regardless of whether the rights at issue are procedural or substantive (like the FACTA rights at issue in this case) is not supported by anything in *Spokeo*. The *Spokeo* majority only discusses violations of procedural obligations. Additionally, Justice Thomas's concurrence demonstrates that under well-established precedent, a violation of substantive or "private" rights, standing alone, *is* sufficient to confer Article III standing. *Spokeo*, 136 S.Ct. at 1552 ("Our contemporary decisions have not required a plaintiff to assert an actual injury beyond the violation of his personal legal rights to satisfy the 'injury-in-fact' requirement.")

In any event, Plaintiff's allegations here do implicate harm "beyond the one that Congress has identified," *Strubel, id*., such as the need to secure or destroy the non-compliant receipt (or even to destroy and replace the card) to guard against further disclosure. See Dkt. No.65 at 15-16.  As such, we submit that, even under *Meyers*, Plaintiff has plausibly alleged the requisites of standing.

Respectfully,

Daniel V. Gsovski

Cc: all counsel (by ECF)