USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/17/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

YEHUDA KATZ,
Individually and on behalf of a class,

          *Plaintiff,*

  -against-

DONNA KARAN INTERNATIONAL, INC.;
THE DONNA KARAN COMPANY, LLC.;
THE DONNA KARAN COMPANY STORE,
LLC,

          *Defendants.*

------------------------------------------------------------X

14 Civ. 740 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Yehuda Katz ("Plaintiff") brings this class action against Defendants Donna Karan International, Inc., The Donna Karan Company, LLC, and The Donna Karan Store, LLC (collectively, "Defendants"), seeking statutory damages for alleged willful violations of the Fair and Accurate Credit Reporting Act ("FACTA"), 15 U.S.C. § 1681c(g). The Court determines that Article III standing requires a concrete injury in fact, even where there is a statutory violation. Since plaintiff has not been injured, his complaint must be dismissed.

On January 30, 2015, the Court granted Defendants' motion to dismiss Plaintiff's First Amended Complaint (the "FAC") for failure to state a claim under Fed. R. Civ. P. 12(b)(6), finding the FAC "devoid of any well-pleaded facts which allow the plausible inference that Defendants willfully, knowingly, or recklessly violated FACTA." ECF 43 at 3–4. The Court held that Plaintiff failed to allege "any actual damages. Indeed, based on the facts alleged in the complaint, it is not

1

possible that Plaintiff was harmed." *Id.* at 3 n. 2. On appeal, the Second Circuit heard argument, but before reaching a decision, the Supreme Court decided *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), which "addressed the issue of what plaintiffs must plead to adequately allege a 'concrete injury' for purposes of Article III standing." *Katz v. Donna Karan Co. LLC*, 653 Fed. App'x 81, 82 (2d Cir. 2016) (summary order) (quoting *Spokeo*, 136 S. Ct. at 1549). The Second Circuit remanded "to allow [Plaintiff] an opportunity to replead [his] claims to comport with the pleading standards set forth in *Spokeo*, and to allow the district court[] to address any standing questions in the first instance." *Id.* The Court granted Plaintiff limited leave to amend his complaint, and Plaintiff filed a Second Amended Complaint (the "SAC"). ECF 52, 53. Defendants moved to dismiss the SAC for lack of subject matter jurisdiction.[1] ECF 63.

The Court has reviewed the parties' submissions, including supplemental authority and corresponding letters, and determines that Plaintiff has not suffered a concrete injury in fact as a result of Defendants' conduct. Accordingly, Plaintiff lacks Article III standing. Defendants' motion is GRANTED.

## BACKGROUND

Plaintiff made two purchases in Defendants' stores using his Visa Credit Card: the first on January 13, 2014, and the second on February 2, 2014.[2] SAC ¶¶ 58–61. At both purchases, Defendants issued Plaintiff electronically-printed receipts that disclosed the first six and last four digits of Plaintiff's credit card number, in apparent violation of FACTA's truncation requirement,

---

[1] In granting Plaintiff's motion for leave to amend, the Court specified that "[t]he amendment is limited to repleading his claims to comport with the pleading standards set forth in *Spokeo*, and to allow the Court to address any standing questions in the first instance." ECF 52. Thus, this Opinion and Order does not address the merits of a motion to dismiss for failure to state a claim under Rule 12(b)(6); the Court has already ruled on this issue. *See* ECF 43.

[2] Plaintiff originally alleged only the February 2, 2014 purchase. *See* FAC ¶ 29.

2

which mandates that no more than the final five digits of credit cards be printed on receipts. *Id.* ¶ 72; *see* 15 U.S.C. § 1681c(g)(1). The first six digits do not disclose any information about Plaintiff; but rather "identify the institution that issued the card to the card holder." *See Bin List & Bin Ranges: List of Issuer Identification Numbers, Bin Database – Industry Standard Fraud Prevention*, https://www.bindb.com/bin-list.html. The contours of the dispute were "super-sized" by Plaintiff's class action on behalf of similarly-situated customers, seeking statutory damages of $100 to $1,000 per willful violation, pre- and post-judgment interest, and attorneys' fees and costs. *See* SAC ¶¶ 75–76; 15 U.S.C. § 1681n. Plaintiff couples his allegation that Defendants were aware of FACTA's applicability with the allegation that the receipt did not fully comply with FACTA requirements to conclude that Defendants willfully violated FACTA. *See* SAC ¶¶ 30, 40–41, 68.

The only new fact the SAC contains is Plaintiff's second purchase and partially-truncated receipt. There is no claim of economic loss or harm; no suggestion that Plaintiff was forced to take protective measures; no suggestion that the receipt was seen by anyone other than the store clerks, the customer (i.e. Plaintiff), and Plaintiff's attorneys; no claim of imminent harm; and no claim of actual identity theft. Instead there are legal arguments and generalized descriptions of nation-wide identity theft. Plaintiff's standing theories boil down to four: (1) FACTA's truncation requirement is a substantive right, the violation of which, by itself, automatically creates a concrete Article III injury; (2) the disclosure created an increased risk of identity theft, constituting a present intangible harm; (3) the disclosure violated Plaintiff's privacy interests, constituting a concrete injury; and (4) the availability of statutory damages "confirm[s]" Plaintiff's Article III standing. *See* SAC ¶ 75; ECF 65 at 18–20. None of these arguments is sufficient to establish standing.

# DISCUSSION

## I. Applicable Law

### A. Motions to Dismiss for Lack of Subject Matter

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A "plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.*

### B. FACTA

In 2003, Congress enacted FACTA, an amendment to the Fair Credit Reporting Act of 1970 ("FCRA"), 15 U.S.C. § 1681 *et seq.* FACTA was designed in part "to prevent criminals from obtaining access to consumers' private financial and credit information in order to reduce identity theft and credit card fraud." Pub. L. No. 110-241, § 2(a)(1), 122 Stat. 1565. Among other things, to reduce the risk of third parties obtaining such information from lost or stolen sales receipts, FACTA's "truncation requirement" prohibits merchants who accept credit or debit cards from printing more than the last five digits of a customer's credit card number on receipts. *See* 15 U.S.C. § 1681c(g)(1). FACTA creates a private cause of action for willful violations of its requirements; and entitles consumers to recover either "any actual damages sustained . . . as a result" or the violation or statutory damages of between $100 and $1,000. *Id.* § 1681n(a)(1)(A). Plaintiff seeks only statutory damages.

### C. Constitutional Standing and the "Concreteness" Requirement

The doctrine of judicial standing is grounded in Article III's limitation of federal jurisdiction to "cases" and "controversies." U.S. Art. III § 2. To satisfy "the irreducible constitutional minimum of standing," a plaintiff invoking federal jurisdiction must establish (1) an

"injury in fact," (2) that is "fairly traceable to the challenged action of the defendant," and (3) is "likely" to be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotations and citations omitted). An injury in fact requires that a plaintiff suffer "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id.* at 560 (internal quotations and citations omitted).

In *Spokeo*, the plaintiff alleged that Spokeo, Inc., a "people search engine," generated a profile of him containing inaccurate personal information. *Spokeo*, 136 S. Ct. at 1544. The plaintiff filed a putative class action suit seeking statutory damages, alleging that Spokeo, Inc.'s dissemination of this information on the internet violated the FCRA, which is designed to ensure "fair and accurate credit reporting" by regulating certain consumer reports. *Id.* at 1544–45 (quoting 15 U.S.C. § 1681(a)(1)). The Supreme Court vacated the Ninth Circuit's finding of injury in fact because it was based on an incomplete standing analysis: the Ninth Circuit had conflated the particularity and concreteness requirements. *Id.* at 1550. Thus, the Supreme Court remanded so the Ninth Circuit could address "whether the particular procedural violations alleged in this case entail a degree of risk sufficient to meet the concreteness requirement." *Id.*

In emphasizing the separateness of the particularity and concreteness requirements, the Supreme Court articulated that "a concrete injury must be *de facto*; that is, it must actually exist," and be "real, and not abstract." *Id.* at 1548 (internal quotations omitted). It confirmed that Congress may "identify intangible harms that meet minimum Article III requirements," and that a "risk of real harm" may satisfy Article III. *Id.* at 1549. Thus, "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact," and "a plaintiff in such a case need not allege any *additional* harm beyond the one Congress has

5

identified." *Id.* (emphasis in original).

Nonetheless, "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* Thus, an alleged "bare procedural violation" of a statutory directive, "divorced from any concrete harm," is insufficient. *Id.*; *see id.* at 1543 (a plaintiff does not "automatically satisfy[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right").

In *Strubel v. Comenity Bank*, 842 F. 3d 181 (2d Cir. 2016), the Second Circuit interpreted *Spokeo* "to instruct that an alleged procedural violation can by itself manifest concrete injury where Congress conferred the procedural right to protect a plaintiff's concrete interests and where the procedural violation presents a 'risk of real harm' to that concrete interest." *Id.* at 190 (quoting *Spokeo*, 136 S. Ct. at 1549). The Second Circuit thus determined that the defendant-bank's failure to disclose two aspects of the plaintiff's obligations under a credit card agreement, in violation of the Truth in Lending Act (the "TILA"), constituted injuries in fact, as those disclosure requirements "serve[] to protect a consumer's concrete interest in 'avoid[ing] the uninformed use of credit,' a core object of the TILA." *Id.* (quoting 15 U.S.C. § 1601(a)). But the defendant-bank's two other disclosure failures, despite violating the TILA requirements, did not establish the requisite concrete injury. *See id.* at 191–94.

Based on *Spokeo* and *Strubel*, the Second Circuit test for determining whether a procedural violation alone constitutes an injury in fact is:

> [A] court must inquire (1) whether Congress conferred the procedural right at issue in order to protect a concrete interest of the plaintiff, and (2) whether the violation of the procedure at issue presented a material risk of harm to that interest. A plaintiff may fail to satisfy the second condition when the violation in question could not result in harm to the interest protected by statute either as a general matter, *see Spokeo*, 136 S. Ct. at 1550 ("It is difficult to imagine how the dissemination of an incorrect zip code, without more, could work any concrete harm."), or under the particular circumstances alleged, *see Strubel*, 842 F.3d at 191–92.

*Cruper-Weinmann v. Paris Baguette Am., Inc.*, No. 13-CV-7013 (JSR), 2017 WL 398657, at *3 (S.D.N.Y. Jan. 30, 2017).

## II. Analysis

Defendants urge dismissal for lack of subject matter jurisdiction and argue that Plaintiff does not – and cannot – allege an injury in fact. *See* ECF 64 at 9–14; ECF 66 at 2–9. Plaintiff articulates four theories that purportedly confer standing: (1) Defendants' violation of FACTA automatically creates a concrete injury (grounded in Plaintiff's contention that FACTA confers a substantive right to receive a redacted copy of credit card receipts); (2) a risk of future injury exists that creates a concrete intangible harm; (3) an invasion of privacy has occurred that constitutes a concrete injury; and (4) the provision of statutory damages "confirm[s]" standing. *See* ECF 65.

Defendants' issuance of two partially-truncated receipts – without any allegations of stolen identity or that a third party had access to the receipts – does not cause Plaintiff any actual harm, nor do the receipts present a "material risk of harm to [the] underlying interest" created and identified by FACTA: the prevention of identity theft. *Strubel*, 842 F.3d at 190. Plaintiff alleges only a "bare procedural violation" of FACTA, "divorced from any concrete harm." *Spokeo*, 136 S. Ct. at 1549. Plaintiff fails to demonstrate an injury in fact; there is no constitutional standing.

### A. FACTA Violation

Plaintiff contends that FACTA confers a substantive "truncation right," the violation of which creates a present concrete injury that automatically creates Article III standing. *See* ECF 65 at 5–12. Defendants disagree, and contend that Plaintiff erroneously reads FACTA as "an electronic receipt privacy statute, not an identity theft prevention statute." ECF 66 at 3. Defendants also argue that Plaintiff has not alleged any actual concrete harm to himself. *See id.*

First, the substantive "truncation right" alleged by Plaintiff is irreconcilable with the

*Spokeo*'s holding that not all statutory violations confer Article III standing. *See Spokeo*, 136 S. Ct. at 1549; *see also Nicklaw v. Citimortgage, Inc.*, 839 F.3d 998, 1003 (11th Cir. 2016) (citing *Spokeo* in concluding that "the requirement of concreteness under Article III is not satisfied every time a statute creates a legal obligation and grants a private right of action for its violation."). Moreover, there is no evidence that Congress, in enacting FACTA, intended to create for consumers a substantive right to receive a redacted copy of their credit card receipt; rather, the truncation requirement is a means to the end goal of identity theft prevention. *See Cruper-Weinmann*, 2017 WL 398657, at *5 (rejecting notion that FACTA created a "substantive procedural right" based on plaintiff's argument that "a right conferred by statue is substantive when its violation 'goes to the very core of the statute's purpose.'" (citing Pl. Br. 16)). Indeed, "the Credit and Debit Card Receipt Clarification Act of 2007 instructs that 'the purpose of [FACTA] is to ensure that consumers suffering from any *actual harm* to their credit or identity are protected.'" *Kamal v. J. Crew Grp., Inc.*, Civ. No. 2:15-0190 (WJM), 2016 WL 6133827, at *4 (D.N.J. Oct. 20, 2016) (citing Pub. L. No. 110-241 (June 3, 2008)) (emphasis in original); *see also Meyers v. Nicolet Restaurant of De Pere, LLC*, 843 F.3d 724, 727 n.2 (7th Cir. 2016) ("[Plaintiff] staked his entire standing argument on the statute's grant of a substantive right to receive a compliant receipt. But whether the right is characterized as 'substantive' or 'procedural,' its violation must be accompanied by an injury-in-fact.").[3]

---

[3] Other courts have determined that procedural violations of FACTA confer standing because Congress intended to create for consumers a substantive right to properly-truncated receipts. *See, e.g., Deschaaf v. Am. Valet & Limousine, Inc.*, No. CV-16-03464-PHX-GMS, 2017 WL 610522, at *3 (D. Ariz. Feb. 15, 2017); *Wood v. J Choo USA*, 201 F. Supp. 3d 1332, 1338 (S.D. Fla. 2016); *Guarisma v. Microsoft*, 209 F. Supp. 3d 1261, 1264–67 (S.D. Fla. 2016); *Altman v. White House Black Mkt., Inc.*, No. 15-cv-2451 (SCJ), 2016 WL 3946780, at *4–6 (N.D. Ga. July 13, 2016). However, "there is reason to question" the bases for these conclusions: both *Guarisma* and *Altman* rely in part on a pre-*Spokeo* decision, *Hammer v. Sam's E., Inc.*, 754 F.3d 492 (8th Cir. 2014), holding that FACTA violations confer standing, but the Eighth Circuit subsequently recognized that *Spokeo* abrogated *Hammer* in *Braitberg v. Charter Commc'ns, Inc.*, 836 F.3d 925, 930 (8th Cir. 2016). *Cruper-Weinnman*, 2017 WL 398657, at *4 n.3. Moreover, *Guarisma* and *Altman* also rely on an unpublished Eleventh Circuit decision holding that the

Plaintiff does not allege any facts showing that he experienced the Congressionally-proscribed harm: identity theft. He has not established a present injury in fact. *See Thompson v. Rally House of Kansas City, Inc.*, No. 15-00886-CV-W-GAF, 2016 WL 8136658, at *5 (W.D. Mo. Oct. 6, 2016) (plaintiff who "does not allege he suffered any actual harm as a result of [an] improper receipt" listing first six and last four credit card digits suffers no injury in fact and "alleges only a mere violation of FACTA without any actual or imminent, concrete harm"); *Kamal*, 2016 WL 6133827, at *3 (determining same).

**B. Risk of Harm**

Plaintiff argues that an intangible risk of harm may constitute a present concrete injury, *see Spokeo*, 136 S. Ct. at 1549, to assert that Defendants' violations confer him standing "by exposing him to a risk of identity theft." ECF 65 at 14. He explains that "excess account information on a receipt enables anyone who sees the receipt to use the data in it to discover further information about the consumer" and recites the harmful effects identity theft has caused nation-wide. *Id.* at 13–14.

But while an increased risk of identity theft may, in some instances, constitute a concrete harm, those circumstances are not alleged here. Plaintiff fails to allege that anyone aside from the store employees who handed Plaintiff the receipt, Plaintiff, and his lawyer ever saw either receipt; or that his identity or other financial information was stolen or lost; or even that the risk of such events is imminent. As Defendants point out, "[t]he 30 injury-free months that have passed since the receipts were handed to [Plaintiff] belie any belated claim of imminence." ECF 66 at 6. The

---

FDCPA confers a substantive right to receive specified disclosures, but both fail to explain why FACTA violations "should be treated the same for standing purposes." *Id. Wood* "provides no additional support, as it relies entirely on the reasoning of *Guarisma* and *Altman*." *Id.* Like *Guarisma* and *Altman*, *Deschaaf* relies on a Ninth Circuit decision finding that FCRA violations give rise to standing, but fails to specify why FACTA violations should similarly confer standing. *See Deschaaf*, 2017 WL 610522, at *3.

additional digits identify the card issuer; and do not disclose any information pertaining to Plaintiff.

Two recent post-*Spokeo* cases dismissed FACTA actions for lack of standing on virtually identical facts. In both cases, the plaintiff alleged a concrete injury based on a partially truncated sales receipt, containing the first six and last four digits of his credit card number, despite the fact that no third party ever accessed the receipt. *See Kamal*, 2016 WL 6133827, at *3; *Thompson*, 2016 WL 8136658, at *1. And in both instances, such allegations did not present an actual or imminent risk of harm.

> There is no evidence that anyone has accessed or attempted to access or will access Plaintiff's credit card information . . . Nor does the record indicate that anyone will *actually* obtain one of Plaintiff's discarded J. Crew receipts, and – through means left entirely to the Court's imagination – identify the remaining six digits of the card number and then proceed undetected to ransack Plaintiff's Discover account . . . Even considered in a most favorable light, whatever causal chain Plaintiff alludes to is even more attenuated than the allegations in . . . other risk-of-harm cases in which courts have found no standing.

*Kamal*, 2016 WL 6133827, at *3 (emphasis in original); *see Thompson*, 2016 WL 8136658, at *1 ("[Plaintiff] does not allege the receipt was ever seen by anyone besides himself and Defendants' employee handling the transaction. The receipt was not lost or otherwise missing from Plaintiff's possession at any time.").

Courts have reached similar conclusions where the procedural FACTA violation alleged is a non-compliant receipt containing plaintiff's credit card expiration date. The Seventh Circuit recently found no risk of harm on such facts, explaining that the plaintiff "discovered the violation immediately and nobody else ever saw the non-compliant receipt. In these circumstances, it is hard to imagine how the expiration date's presence could have increased the risk that Meyers' identity would be compromised." *Meyers*, 843 F. 3d at 727; *see also Cruper-Weinmann*, 2017 WL 398657, at *4 (dismissing for lack of standing on substantially identical facts).

Plaintiff also contends that since Congress decided to require truncation to limit the risk of

10

identity theft, Defendants' violation of that requirement automatically creates or increases that risk. *See id.* at 14–15. *Strubel* rejects that argument:

> *Strubel* makes clear that there still must be some showing that the violation of the right actually threatened the harm in question if the plaintiff is to have standing. Were plaintiff's position [that alleged FACTA violations categorically pose a risk to the interest in preventing identity theft] correct, the second part of *Strubel*'s test would mean little, since it would always be satisfied when applied to a requirement intended to reduce the risk of harm in some circumstances, even if there were no risk under the circumstances alleged . . . that cannot be the case.

*Cruper-Weinmann*, 2017 WL 398657, at *5.

Plaintiff fails *Strubel*'s second requirement: he does not show that Defendants' FACTA violation presented a "material risk of harm to [the] underlying interest" of identity theft protection. *Strubel*, 842 F.3d at 192. Plaintiff does not demonstrate a risk of injury sufficient to establish standing.

## C. Privacy Interest

Plaintiff alleges that the "substantive legal right created by Congress is closely analogous to recognized common law privacy interests," SAC ¶ 75(d), and that Congress "specifically identified," as a concrete injury violating privacy interests, the "exposure of [] credit card information to anyone who might handle the receipt." ECF 65 at 13. Despite the absence of any allegations showing that anyone ever saw the receipts other than Plaintiff, the employees who handed Plaintiff his receipts, and Plaintiff's attorney, Plaintiff asserts a concrete privacy invasion injury because Defendants "disclos[ed] [his] private information to those of Defendant's employees who handled the receipts, as well as other persons who might find the receipts in the trash or elsewhere." SAC ¶ 75(c); *see* ECF 65 at 13–14.

This theory fails. Plaintiff does not establish that Congress intended to create for credit

11

card holders a privacy right in their information required to be redacted or truncated from receipts.[4] *See Cruper-Weinmann* 2017 WL 398657, at *5 ("[P]laintiff does not establish that Congress, in enacting FACTA, aimed to protect consumers' privacy rights, as opposed to the security of their identities."); *Kamal*, 2016 WL 6133827, at *4 ("While FACTA as a whole may implicate traditional privacy interests, Plaintiff's alleged injury [of a heightened risk of fraud based on [Defendant's] printing of first six and last four digits of credit card number on receipts] does not.").

### D. Statutory Damages

The thrust of Plaintiff's last theory is that because FACTA provides for statutory damages for willful violations of its requirements, that right *per se* confers standing. *See* SAC ¶ 75; ECF 65 at 18–20. The availability of statutory damages, without any injury, does not automatically confer standing. *See Spokeo*, 136 S. Ct. at 1349; *see also Zia v. CitiMortgage, Inc.*, 210 F. Supp. 3d 1334, 1344 (S.D. Fla. 2016) ("The entitlement to statutory damages does not, on its own, amount to a concrete injury. If a damages provision was all that was required to confer an injury in fact . . . *Spokeo* would be meaningless.").

## CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss is GRANTED. Plaintiff's

---

[4] The support Plaintiff provides for this theory is misplaced; it is based on a magistrate judge's report and recommendation, the relevant part of which was not accepted by the District Court. *Creative Hospitality Ventures, Inc. v. U.S. Liab. Ins. Co.*, 655 F. Supp. 2d 1316, 1333 (S.D. Fla. 2009). Instead, after reviewing the objections to the report and recommendation, the District Court granted defendant Essex summary judgment. *See Creative Hospitality Ventures, Inc. v. U.S. Liab. Ins. Co.*, 444 F. App'x 370, 371 (11th Cir. 2011). The Eleventh Circuit affirmed, because "the provision of a receipt to a customer fails to constitute a 'publication' within the meaning of Essex's Policy." *Id.* at 375. Moreover, Plaintiff's reference to President Bush's statement that the government was "act[ing] to protect individual privacy" in enacting FACTA is misplaced. *See id.* at 376 ("[P]roviding a customer a contemporaneous record of a retail transaction involves no dissemination of information to the general public."); *Whole Enchilada, Inc. v. Travelers Prop. Cas. Co. of Am.*, 581 F. Supp. 2d 677, 699–700 (W.D. Pa. 2008) ("[A] violation of the truncation provision of FACTA is not . . . a publication or an invasion of an individual's privacy right.").

claims are dismissed with prejudice and the Clerk of the Court is directed to enter judgment and close the case.

Dated: New York, New York  
       May 17, 2017

SO ORDERED

*[signature]*

PAUL A. CROTTY  
United States District Judge